Christopher Hadsell
9000 Crow Canyon Rd., S-399
Danville, CA 94506
Email: CJHadsellLaw@gmail.com
Tel: (925) 482-6502

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Christopher Hadsell, <br><br> Plaintiff, <br><br> vs. <br><br> United States of America, the Department of Treasury by its agency, the Internal Revenue Service <br><br> Defendant. | Case No.:  20-cv-03512-VKD <br><br> **PLAINTIFF'S OPPOSITION TO UNITED STATES' 8/25/20 MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED 5/18/20, DOCKETED 5/26/20** <br><br> **Judge:**  Virginia K. DeMarchi |

Plaintiff, Christopher Hadsell ("**Hadsell**"), hereby files his opposition to the United States' ("**Defendant**") 8/25/20 Motion to Dismiss ("**MOT to Dismiss**", Dkt 13) Plaintiff's Complaint filed 5/18/20, docketed 5/26/20 ("**Complaint**", Dkt 1). Hadsell's opposition is based upon this filing, the files and records in this matter, and any evidence or argument presented at any hearing on this matter.

Although not required, for convenience, a table of contents and authorities is provided.

[Rest of page left blank.]

1

Plaintiff's Opposition to United States' 8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20

# TABLE OF CONTENTS

                                                                                                      **Page**

**TABLE OF CONTENTS** ................................................................... 2

**TABLE OF AUTHORITIES** .............................................................. 4

**STATEMENT OF ISSUES** ................................................................ 5

    **DEFENDANT DEFRAUDED THIS COURT** ........................................ 5

    **DEFENDANT FAILED TO FOLLOW CIVIL LOCAL RULES AND THE U.S.C; IT ALSO DEFRAUDS THIS COURT ABOUT THE FRE** .......................................................................................... 5

    **DEFENDANT ERRS REGARDING ALLEGED "SHARED RESPONSIBILITY PAYMENT"** ................................................. 5

    **THIS COURT HAS SUBJECT MATTER JURISDICTION** ............................... 6

**STATEMENT OF RELEVANT FACTS** ............................................ 6

**ARGUMENT** ........................................................................................ 6

    **STANDARD OF REVIEW** ............................................................... 6

    **DEFENDANT DEFRAUDED THIS COURT** ........................................ 7

        DOCUMENTS IN HAND WELL BEFORE ORIGINAL DEADLINE ................ 7

        DEFENDANT ARGUMENTS AVAILABLE WELL BEFORE ORIGINAL DEADLINE .................................................................. 7

    **DEFENDANT FAILED TO FOLLOW CIVIL LOCAL RULES AND THE U.S.C; IT ALSO DEFRAUDS THIS COURT ABOUT THE FRE** .......................................................................................... 8

        NO PROPOSED ORDER ................................................................ 8

        NO VALID AFFIDAVITS .............................................................. 8

        DEFENDANT DEFRAUDS THIS COURT ABOUT THE FRE ..................... 9

    **DEFENDANT ERRS REGARDING ALLEGED "SHARED RESPONSIBILITY PAYMENT"** ............................................... 10

    **THIS COURT HAS SUBJECT MATTER JURISDICTION** ............................. 10

Plaintiff's Opposition to United States' 8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20

SMJ PER §7433 ............................................................................................................. 11

SMJ PER FTCA ............................................................................................................ 11

DEFENDANT'S ALLEGATIONS NO SOVEREIGNTY WAIVER ARE

    ERROR ..................................................................................................................... 11

**CONCLUSION ................................................................................... 12**

3

Plaintiff's Opposition to United States' 8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20

# TABLE OF AUTHORITIES

## Cases

*Greenlaw v. U.S.* (2008)
   554 U.S. 237 .................................................................................................................. 12
*Ivy v. Comm'r of the IRS* (D.D.C. 2016)
   197 F. Supp. 3d 139 ........................................................................................................ 11
*Kokkonen v. Guardian Life Ins. Co. of America* (1994)
   511 U.S. 375 .................................................................................................................... 6
*Martin Marietta Corp. v. U. S.* (Ct. Cl. 1978)
   572 F.2d 839 .................................................................................................................... 6
*Safe Air For Everyone v. Meyer* (9th Cir. 2004)
   373 F.3d 1035 .................................................................................................................. 6
*United States v. Dalm* (1990)
   494 U.S. 596 .................................................................................................................. 11
*Wolfe v. Strankman* (9th Cir. 2004)
   392 F.3d 358 .................................................................................................................... 6

## Rules

CA R USDCTND Civil L.R. 6-3 ............................................................................................. 8
CA R USDCTND Civil L.R. 7-5 ............................................................................................. 8
CA R USDCTND Civil L.R.s .................................................................................................. 5
Fed. Rules Civ. Proc., rule 12(a)(1)(A)(i) ............................................................................... 7
Fed. Rules Evid. ...................................................................................................................... 5
Fed. Rules Evid., rule 803(8) ............................................................................................ 9, 10
Fed. Rules Evid., rule 902 ................................................................................................. 9, 10
Fed. Rules Evid., rule 902(1) .................................................................................................. 9

## Statutes

26 U.S.C. §7433 ..................................................................................................................... 11
28 U.S.C. §1346(b) ........................................................................................................... 11, 12
28 U.S.C. §1746 .................................................................................................................... 5, 8
28 U.S.C. §2671-2680 ........................................................................................................ 11, 12
28 U.S.C. §2675 ....................................................................................................................... 9
28 U.S.C. §2680(h) ................................................................................................................. 12

# STATEMENT OF ISSUES

**1. Defendant Defrauded This Court**

    **A.**    This Court's Order states, "[B]ased on the representations made in the United States' motion [Dkt 7], the Court finds that some limited extension of time [to Defendant's deadline to file its Answer/Response] is warranted.", Dkt 9, 1:21-22. This Court used its discretion to grant equitable relief by extending the Defendant's filing deadline from 7/28/20 to 8/25/20, *Id*., 1:22-23.

    **B.**    The MOT to Dismiss is the Defendant's response. It is founded entirely upon: i) documents dated such that the Defendant had, or should have had, them in its possession well prior to 7/28/20, and ii) solely makes arguments that it could have made prior to 7/28/20. Thus, the MOT to Dismiss could have been timely filed in compliance with its original deadline; therefore, the Defendant defrauded this Court with its representations that it could not file a timely response.

    **C.**    This Court shouldn't be made a party to fraud. Thus, based upon the Defendant's unclean hands, the Court should use its discretion for equitable relief to strike the MOT to Dismiss and rule that the Defendant has failed to file a timely answer or response in this case.

**2. Defendant Failed to Follow Civil Local Rules and the U.S.C; It also Defrauds this Court about the FRE**

    **A.**    Because the Defendant failed to follow numerous CA R USDCTND Civil L.R.s[1], this Court's Order states, "Going forward in this matter, the government is admonished to comply with the Court's Civil Local Rules.", Dkt 9, 1:28 (fn 2). Again, Defendant has failed to follow Civil L.R.s, and additionally, 28 U.S.C. §1746. Further, it misleads this Court about the facts, and defrauds the Court about the Fed. Rules Evid.[2].

    **B.**    The Defendant has violated multiple rules, on multiple occasions. Because the MOT to Dismiss involves jurisdiction and sovereignty, the Defendant urges this Court, on multiple occasions, to "strictly construe [issues] in favor of the sovereign.", e.g., *Id*., 4:14-15. Therefore, at the Defendant's own urging, it is appropriate that this Court to hold the Defendant strictly to the rule of law.

**3. Defendant Errs Regarding Alleged "Shared Responsibility Payment"**

    **A.**    The Defendant alleges Hadsell has made no claim to the Defendant's assessment of a

---

[1] Subsequent references to the CA R USDCTND Civil L.R. will be designated "Civil L.R.".
[2] Subsequent references to the Fed. Rules Evid. will be designated "FRE".

2016 Shared Responsibility Payment. The is the first time that Hadsell has been made aware of any such attempted assessment. Regardless, his claim includes all of the 2016 refund amount, and therefore includes ***any*** reduction to the 2016 refund amount. Thus, the Defendant errs.

### 4. This Court Has Subject Matter Jurisdiction

**A.** For over two years, the Defendant has failed to address the central issue of this case: Hadsell made valid Credit Elections. Once made, Credit Elections cannot be revoked by either Hadsell or the Defendant. Thus, the only purpose the funds can serve is to pay Hadsell's future federal tax liabilities. Exactly as there was subject matter jurisdiction ("**SMJ**") in *Martin Marietta Corp. v. U. S.* (Ct. Cl. 1978) 572 F.2d 839 regarding a dispute over Credit Elections, this Court has SMJ.

# STATEMENT OF RELEVANT FACTS

**1.** The statement of relevant, verified, facts is presented in the Complaint, Dkt 1, 12:9-17:23.

**2.** Those facts are admissible as evidence as provided in Hadsell's Declaration in support of the Complaint, Dkt 4, 1:22, 1:26-2:2.

# ARGUMENT

### 1. Standard of Review

**A.** The plaintiff bears the burden of establishing federal SMJ, *Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 U.S. 375, 376-78.

**i.** Arguments against the plaintiff's meeting its burden can take two forms: facial or factual. As *Safe Air For Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1035, 1039 provides:

> In a facial attack, the challenger asserts that the allegations… in a complaint are insufficient on their face to invoke federal jurisdiction… [I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

**ii.** The standard of review differs between a facial or factual challenge. In a facial challenge, a court must accept all plaintiff, "allegations [as] true and draw all reasonable inferences in his favor.", *Wolfe v. Strankman* (9th Cir. 2004) 392 F.3d 358, 362. In a factual challenge, a court, "need not presume the truthfulness of the plaintiff's allegations.", *Safe Air*, 1039.

**1.** Here the Defendant doesn't dispute the truth of Hadsell's allegations for two reasons: i) as discussed *infra*, the Defendant doesn't provide this court with any admissible evidence to

6

Plaintiff's Opposition to United States' 8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20

dispute Hadsell's allegations, and ii) it doesn't dispute Hadsell's facts.[3]

    **2.** Therefore, this Court must review the MOT to Dismiss on a facial basis and thereby accept all Hadsell's allegations as true and draw all reasonable inferences in his favor.

### 2. Defendant Defrauded This Court

    **A.** Notwithstanding Hadsell's detailing the Defendant's unclean hands for years in this case, Dkt 8, 3:7-22, and that the Defendant's reasons for requesting an extension to file its answer/response were less than fully candid, Dkt 8, 4:1-5:7, this Court generously granted the Defendant an extension to file its answer/response from 7/28/20 to 8/25/20, Dkt 9, 1:22-23. This Court granted that relief based upon the United States' representations that it required more time to file its answer, *Id.*, 1:21-22.

    **B.** The Defendant has filed its response, Dkt 13, a motion to dismiss. Dkt 13 is based solely upon: i) documents the Defendant had, or should have had, in hand well before its original 7/28/20 filing date, and ii) arguments that it could have made by 7/28/20.

    **i. Documents In Hand Well Before Original Deadline:**

    **1. Complaint:** The Defendant had the complaint in its hands by 6/2/20, Dkt 8, 4:3-4, (56 days before its original filing deadline).

    **2. MOT to Dismiss, Exh 1:** 2016 Form 4340, dated 6/29/20, Dkt 13-1, p. 6 (29 days before its original filing deadline), with a Certificate of Official Record dated 7/7/20, Dkt 13-1, p. 4 [21 days before its original filing deadline—the same number of days any party besides the government is permitted to file its answer/response after being served, FRCP 12(a)(1)(A)(i)].

    **3. MOT to Dismiss, Exh 2:** 2017 Form 4340 dated the same dates, Dkt 13-1, pp. 12 and 8, respectively, with the same number of days to file, as Exh 1.

    **4. MOT to Dismiss, Exh 3:** 2017 Form 4340 dated the same dates, Dkt 13-1, pp. 16 and 14, respectively, with the same number of days to file, as Exh 1.

    **5. MOT to Dismiss, Krcha Declaration:** Dated 7/17/20, Dkt 13-2, p. 2, (11 days before its original filing deadline).

    **ii. Defendant Arguments Available Well Before Original Deadline:**

---

[3] It does state that Hadsell hasn't claimed damages for the assessment of a 2016 "Shared Responsibility Payment", MOT to Dismiss, 2:27 (fn1). But, that is error. Hadsell has never received notice of the 2016 "Shared Responsibility Payment" assessment, Hadsell Declaration, 1:23-24. Hadsell's claim includes the full 2016 refund of $9,547, Complaint, 15:8-9.

**1.** The only arguments made are to dismiss this case based upon a lack of SMJ—arguments solely based upon the Complaint, that the Defendant had 56 days before its original filing deadline.

**C.** Because the Defendant: i) had in hand all the documents it used for the MOT to Dismiss, well in advance of its original filing deadline, and ii) made arguments based solely upon those documents, it defrauded this Court when it stated, "If this motion [to extend its filing deadline] is not granted, the United States would suffer substantial harm and/or prejudice, in that it would not be able to present a complete defense to the Complaint.", Dkt 7, 22-24.

**3.  Defendant Failed to Follow Civil Local Rules and the U.S.C; It also Defrauds this Court about the FRE**

**A.  Defendant Fails to Follow Civil Local Rules and U.S.C.:** This Court acknowledged that the Defendant failed to follow Civil Local Rules by stating, "Going forward in this matter, the government is admonished to comply with the Court's Civil Local Rules.", Dkt 9, 1:27-28 (fn 2). Two such rule violations were: i) Civil L.R. 6-3 (provide a Proposed Order), and ii) Civil L.R. 7-5 (provide affidavit to support factual contentions).

**i.  No Proposed Order:** Again, the MOT to Dismiss fails to include a Proposed Order.

**ii.  No Valid Affidavits:** While the MOT to Dismiss includes attempts at two affidavits, both are invalid:

**1.** Mr. Watson's affidavit is invalid because it violates 28 U.S.C. §1746's requirement that the affiant, "declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." by failing to have the required statement in the affidavit.

**2.** Ms. Krcha's affidavit fails because it is irrelevant to these proceedings.

**a.** With respect to Hadsell's filing his FTCA administrative claim with the IRS prior to these proceedings, his claim was presented on 3/31/19, Dkt 1, 34:8-14, Exh 19, pp. 107-122.

**b.** Ms. Krcha cannot deny Hadsell made a filing because she states, "Due to the COVID-19 outbreak, I can only attest that from October 1995 through January 31, 2020, the FTCA database shows that no FTCA administrative claim was received by or on behalf of Plaintiff, Christopher Hadsell.", Dkt 13-2, p. 2. Thus, because the Defendant's database is apparently unreliable

1  "due to the COVID-19 Outbreak", Ms. Kracha cannot confirm that Hadsell's FTCA administrative

2  claim ***was not received***. Rather, she can "only attest that… the ***FTCA database shows no*** FTCA

3  administrative claim was received.", *Id*. (emphasis provided). However, as common wisdom provides,

4  "Absence of proof is ***not*** proof of absence." Thus, her statement in no way "proves" no administrative

5  claim was filed.

6         **c.**    More importantly, in such circumstances of doubt, 28 U.S.C. §2675 provides

7  that if the IRS hasn't responded within six months of an FTCA administrative claim filing, the claim is

8  deemed by law to be a "final denial" that meets the requirement to give this Court jurisdiction over an

9  FTCA claim involving the IRS, Dkt 1, 34:15-27.

10         **d.**    **Defendant Commits Another Fraud Upon This Court:** Notwithstanding that:

11         **A)**    the IRS's failure to respond to an FTCA administrative claim within six

12  months of filing fulfils the requirement of having filed, and been finally denied, a claim;

13         **B)**    the Defendant defrauds this Court again by stating, "[A]s evidenced by the

14  attached declaration of IRS Claims Manager Mary-Ellan Krcha, ***no FTCA claim has been received by***

15  ***the IRS***.", Dkt 13, 8:2-3 (emphasis provided); when as just explained, Ms. Krcha's affidavit does ***not***

16  make such a claim.

17     **B.**    **Defendant Defrauds This Court About the FRE:**

18       **i.**    The Defendant states, "A Form 4340 is self-authenticating under Fed. R. Evid. 902(1),

19  and is admissible into evidence under Fed. R. Evid. 803(8).", Dkt 13, 2:5-7.

20       **ii.**    Because the Defendant cites to FREs 803(8) and 902(1) in its argument, it knows, or

21  should know, how to apply the rules.

22       **iii.**    The pertinent sections of FRE 902 are:

The following items of evidence are self-authenticating…
**(1)** *Domestic Public Documents That Are Sealed and Signed.* A document that bears:
**(A)**  a seal purporting to be that of the United States;… or a department, agency, or officer of any entity named above; and
**(B)**  a signature purporting to be an execution or attestation.
**(2)** *Domestic Public Documents That Are Not Sealed but Are Signed and Certified.* A document that bears no seal if:
**(A)**  it bears the signature of an officer or employee of an entity named in Rule 902(1)(A); and
**(B)**  another public officer who has a seal and official duties within that same entity certifies under seal—or its equivalent—that the signer has the official capacity and that the signature is genuine.

      **iv.** Here, the three Forms 4340 attached to Mr. Watson's affidavit, are domestic public documents that aren't sealed, but are ***potentially*** signed and certified.

      **v.** They are only potentially signed and certified, because they are signed by Robyn Cabrini on Nicole T. Salazar's behalf. However, there is no proof (e.g., power of attorney) that Ms. Cabrini has any authority from Ms. Salazar to sign any document on her behalf.

      **vi.** Even if Ms. Cabrini has such authority, as FRE 902 provides, there are two elements lacking here for the Forms 4340 to be self-authenticating:

      **1.** First, the person's signature on the "sealed" document ("**Sealed Signatory**", e.g., Dkt 13-1, p. 4) ***who attests to***: i) the authority of the signatory on the "not sealed" document ("**Not Sealed Signatory**", the Forms 4340, e.g., *Id.*, p. 6), and ii) to the genuineness of the Not Sealed Signatory's signature, ***must be "another public officer"***. Here, the Sealed Signatory, and Not Sealed Signatory are the same person, Ms. Salazar (assuming, arguendo, Ms. Cabrini has authority to sign for Ms. Salazar). Thus, the documents are not self-authenticating pursuant to FRE 902.

      **2.** Second, as just provided, the Sealed Signatory must attest to the Not Sealed Signatory's authority to sign, and that the signature is genuine. Here, the Sealed Signatory document attests to neither requirement. Thus, the documents are not self-authenticating pursuant to FRE 902.

      **vii.** The Defendant knows, or should know, that signatures of two people are required for not sealed documents, and that the sealed attestation document regards the Not Sealed Signatory's signature, not the authentication of the underlying document. Therefore, the Defendant defrauded the Court as to the Forms 4340 being self-authenticating.

      **viii.** Because the Forms 4340 aren't authenticated, they can't be admitted under FRE 803(8).

**4. Defendant Errs Regarding Alleged "Shared Responsibility Payment"**

    **A.** The Defendant alleges Hadsell doesn't claim damages for the 2016 "Shared Responsibility Payment" tax assessment against his 2016 tax refund applied as a Credit Election toward his 2017 federal tax assessment. However, as discussed *supra* (¶ 3, p. 5) and at fn 3, p. 7, that is error.

**5. This Court Has Subject Matter Jurisdiction**

**A.** Here, the Defendant alleges Hadsell failed to establish that the Defendant has waived sovereign immunity regarding several issues. That is error as follows:

    **i.** **SMJ Per §7433:** Just as the Defendant has done for the past three years, it fails to address the central issue: neither Hadsell nor the Defendant can revoke Credit Elections. Thus, once Credit Elections are made, the funds are held in trust by the Defendant for one purpose—to collect future taxpayer liabilities from the entrusted funds and pay the taxes.

      **1.** Thus, for the Defendant to revoke a Credit Election to use the funds entrusted to it for ***any*** purpose other than collecting those funds to pay a future tax liability, violates the law, Dkt 1, 18:5-14.

        **a.** 26 U.S.C. §7433 addresses such violations, and unequivocally waives the Defendant's sovereignty because, due to such violations, a "taxpayer may bring a civil action for damages against the United States…".

    **ii.** **SMJ Per FTCA:** the IRC is not the sole basis to litigate a claim against Defendant for its violations of the law. The FTCA[4] provides another avenue. It also unequivocally waives the Defendant's sovereignty, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

    **iii.** **Defendant's Allegations of No Sovereignty Waiver Are Error:** The Defendant's allegations that it hasn't waived sovereignty are error:

      **1.** **SMJ Regarding *Dalm*:** Defendant correctly states that *United States v. Dalm* (1990) 494 U.S. 596, 601-602 provides that under the FTCA, administrative remedies must be exhausted, Dkt 13, 4:24-5:3. As provided *supra* (¶Argument, 3.A.ii, p. 8), and Dkt 1, 27:1-5, Hadsell has complied with this provision. Thus, the Defendant's argument doesn't apply.

      **2.** **SMJ Regarding *Ivy*:** Defendant discusses the IRS' collections efforts for referring agencies as stated in *Ivy v. Comm'r of the IRS* (D.D.C. 2016) 197 F. Supp. 3d 139, Dkt 13, 6:6-14; and 6:16-21. *Ivy* is inapposite because it involves available refunds ***before*** a Credit Election is made. This case solely involves funds ***after*** a Credit Election is made. The Defendant doesn't dispute that this case solely involves funds ***after*** a Credit Election is made. Thus, the Defendant's argument doesn't apply.

---

[4] 28 U.S.C. §§1346(b) and 2671-2680.

**3. SMJ Regarding Assessment and Collection of Taxes:** Defendant discusses the FTCA exception involving the assessment and collection of taxes, Dkt 13, 6:25-7:6. This argument doesn't apply because Hadsell is seeking funds that did ***not*** involve the assessment or collection of taxes. It involves the use of the assessment-and-collection-of-taxes machinery to violate the assessment and collection of taxes process by taking funds that ***must remain within*** that process, ***out*** of that process, in violation of law. Hadsell would have been thrilled had the funds properly remained within the tax assessment and collection process where they belonged to pay taxes. Thus, the Defendant's argument doesn't apply.

**4. SMJ Regarding Intentional Tort Exception:** Defendant discusses the Intentional Tort Exception, 28 U.S.C. §2680(h), Dkt 13, 7:10-17. The Defendant correctly points out that Hadsell's claims include conversion and breach of contract[5], neither of which are governed by 28 U.S.C. §2680(h). Thus, the Defendant's argument doesn't apply.

# **CONCLUSION**

1. Just how much violation of the rule of law is this Court willing to accept from this Defendant? Two of the Civil L.R.s this Court admonished the Defendant to comply with, were violated again: i) no Proposed Order (violated completely); and ii) affidavits; that were at least attempted, but were so carelessly created that they are invalid because they are so flawed.

2. Hadsell appreciates the Party Presentation Principle, *Greenlaw v. U.S.* (2008) 554 U.S. 237, 244. Thus, he's not suggesting that opposing counsel must bring to light opposing arguments.

3. It's one thing when one presents legal authority to support an argument, yet other legal authority exists that supports an opposing argument—that's legitimate argument.

4. However, it's an entirely different animal when one cites to a legal authority as support for a legal proposition, yet when the facts of the case are plainly applied to the legal authority, the opposite of one's legal proposition results. Such a result must be addressed by the arguing party, not hidden from the Court. Otherwise, at best, the Court is misled—at worst, a fraud is perpetrated upon the Court. The MOT to Dismiss seems directed more to hiding the ball than legitimate argument.

---

[5] Interference with contract rights involves a tort arising when a defendant knows that a plaintiff contracted with a third party and that the defendant intentionally procures the third party's breach of that agreement, resulting in the plaintiff's damages. That did not occur here.

**5.** Because the Defendant failed to file a valid motion, or assert a valid argument that Hadsell has not carried his burden to demonstrate this Court has SMJ, Hadsell respectfully requests the Court DENY the MOT to Dismiss.

Dated:  September 8, 2020                                         Respectfully submitted,

*[signature]*

Christopher Hadsell, Plaintiff

13
Plaintiff's Opposition to United States' 8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20

Christopher Hadsell
9000 Crow Canyon Rd., S-399
Danville, CA 94506
Email: CJHadsellLaw@gmail.com
Tel: (925) 482-6502

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| Christopher Hadsell, | Case No.: _____ |
|---|---|
| Plaintiff, | **DECLARATION OF HADSELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO UNITED STATES' 8/25/20 MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED 5/18/20, DOCKETED 5/26/20** |
| vs. | |
| United States of America, the Department of Treasury by its agency, the Internal Revenue Service | |
| Defendant. | |

I, CHRISTOPHER HADSELL, ("**Hadsell**") declare that I am over the age of 18 and I am the Plaintiff in this matter. I offer my declaration in lieu of personal testimony pursuant to 28 U.S.C. §1746. If called upon to testify, I would do so of my own knowledge as to the following:

1. This declaration is submitted in support of the Plaintiff's Opposition to United States' 8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20.
2. The following facts are within my personal knowledge as a party to this matter.
3. Hadsell has not received a tax assessment for a Shared Responsibility Payment for tax year 2016 as required by 26 U.S.C. §6303.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 8, 2020.

*[signature]*

Christopher Hadsell, Plaintiff

1

Declaration of Hadsell in Support of Plaintiff's Opposition to United States' 8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20