Christopher Hadsell
9000 Crow Canyon Rd., S-399
Danville, CA 94506
Email: CJHadsellLaw@gmail.com
Tel: (925) 482-6502

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Hadsell,<br><br>    Plaintiff,<br><br>vs.<br><br>United States of America, the Department of Treasury by its agency, the Internal Revenue Service<br><br>    Defendant. | Case No.:   20-cv-03512-VKD<br><br>**PLAINTIFF'S SURREPLY TO UNITED STATES' 9/15/20 REPLY TO PLAINTIFF'S 9/8/20 OPPOSITION TO DEFENDANT'S 8/25/20 MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED 5/18/20, DOCKETED 5/26/20**<br><br>**Judge:**   Virginia K. DeMarchi |

Plaintiff, Christopher Hadsell ("**Hadsell**"), hereby files his opposition ("**Surreply**") to the United States' ("**Defendant**") 9/15/20 Reply ("**Reply**", Dkt 18) to Hadsell's 9/8/20 Opposition ("**Opposition**", Dkt 17) to Defendant's 8/25/20 Motion to Dismiss ("**MOT to Dismiss**", Dkt 13) Plaintiff's Complaint filed 5/18/20, docketed 5/26/20 ("**Complaint**", Dkt 1). Hadsell's opposition is based upon this filing, the files and records in this matter, and any evidence or argument presented at any hearing on this matter.

# <u>STATEMENT OF ISSUES</u>

1.    **Objection to Reply Evidence**

    A.    CA R USDCTND Civil L.R. 7-3(d)(1) states, "If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence…". Here, the Reply submitted new alleged evidence with Mr. Watson's ("**Watson**") Declaration ("**DECL-Watson**"), and Ms. Wolfe's ("**Wolfe**") Declaration ("**DECL-Wolfe**"). Therefore, Hadsell files this objection to the Defendant's alleged reply evidence.

1

Plaintiff's Surreply to United States' 9/15/20 Reply to Plaintiff's 9/8/20 Opposition to Defendant's
8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20

Case No.:
20-cv-03512-VKD

**B.    DECL-Watson:**

**i.**    Hadsell objects to any alleged evidence offered in an email, and a letter ("**Alleged Watson Documents**", Dkt 18-1, 2:6-9), from the "IRS Chief Counsel attorney…" on the grounds of: i) Best Evidence Rule, Fed. Rules Evid., rule 1002[1]: no documents were produced, ii) Lack of Foundation, FRE 901: since no documents were produced, no evidence has been produced to support a finding the documents are what the Defendant claims they are; iii) Inadmissible, FRE 901: because no documents were produced, none can be authenticated; thus, none are admissible; iv) Hearsay, FRE 802: statements are from documents, not the declarant, Watson; v) Hearsay Within Hearsay, FRE 805: Statements are hearsay from a third-party, not the declarant, Watson; and are within Alleged Watson Documents hearsay. Thus, the alleged evidence is Hearsay Within Hearsay.

**ii.**    Because the Alleged Watson Documents are inadmissible, any evidence of Watson's bona-fides facts ("**Watson Bona Fides**", Dkt 18-1, 1:20-2:5) required as foundation to support the Alleged Watson Documents are not facts of consequence, FRE 401. Therefore, Hadsell objects to the Watson Bona Fides as irrelevant, FRE 402.

**iii.**    Hadsell moves to strike the Alleged Watson Documents and Watson Bona Fides.

**C.    DECL-Wolfe:**

**i.**    Hadsell objects to alleged evidence offered in the form of Domestic Public Documents ("**Alleged Wolfe Documents**", Dkt 18-2, pp. 4-9) on the grounds that they are not authenticated because they have no seal, and are not signed nor certified, FRE 902(2).

**ii.**    Because the Alleged Wolfe Documents are inadmissible, any evidence of Wolfe's bona-fides facts ("**Wolfe Bona Fides**", Dkt 18-2, 1:16-2:2) required as foundation to support the alleged Wolfe Documents are not facts of consequence, FRE 401. Therefore, Hadsell objects to the Wolfe Bona Fides as irrelevant, FRE 402.

**iii.**    Hadsell moves to strike the Alleged Wolfe Documents and Wolfe Bona Fides.

# STATEMENT OF RELEVANT FACTS

**1.**    The statement of relevant, verified, facts is presented in the Complaint, Dkt 1, 12:9-17:23.

**2.**    Those facts are admissible as evidence as provided in Hadsell's Declaration in support of the

---

[1] Subsequent references to the Fed. Rules Evid. will be designated "FRE".

Plaintiff's Surreply to United States' 9/15/20 Reply to Plaintiff's 9/8/20 Opposition to Defendant's 8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20

Case No.:
20-cv-03512-VKD

1  Complaint, Dkt 4, 1:22, 1:26-2:2.

## ARGUMENT IN SUPPORT OF OBJECTIONS

3  **1.    DECL-Watson:**

4  **A.**    The DECL-Watson states that, "IRS Chief Counsel attorney[, Wolfe]", supplied the

5  Defendant with an email and a letter—the Alleged Watson Documents, Dkt 18-1, 2:6-9. Hadsell objects

6  to the Alleged Watson Documents as follows:

7  **i.    Best Evidence Rule:** FRE 1002 provides, "An original writing… is required in order

8  to prove its content…". Here, the Defendant wants to use the contents of the Alleged Watson

9  Documents, yet, provides neither the email nor the letter. Therefore, Hadsell objects to any evidence

10  from the Alleged Watson Documents because no writing is provided.

11  **ii.    Lack of Foundation:** FRE 901 states, "To satisfy the requirement of authenticating or

12  identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that

13  the item is what the proponent claims it is." The Defendant has not produced the items comprising the

14  Alleged Watson Documents. Because the Defendant hasn't even produced the "item[s] of evidence", he

15  hasn't, "produce[d] evidence to support a finding that the item[s are] what the proponent claims [they

16  are]." Therefore, Hadsell objects to any evidence from the Alleged Watson Documents.

17  **iii.    Inadmissible:** because no documents were produced, none can be authenticated; thus,

18  none are admissible. Therefore, Hadsell objects to any evidence from the Alleged Watson Documents

19  because any such evidence is inadmissible.

20  **iv.    Hearsay:** Hearsay is an out-of-court statement offered for the truth of the matter, FRE

21  801(c). Hearsay is inadmissible unless an exception applies, FRE 802. Here, the Defendant is offering

22  out-of-court statements offered for the truth of the matter from documents, not the Defendant; thus, no

23  exceptions to hearsay apply. Therefore, Hadsell objects to any evidence from the Alleged Watson

24  Documents.

25  **v.    Hearsay Within Hearsay:** Here, the Defendant is offering 3d-party (Wolfe) out-of-

26  court statements offered for the truth of the matter, from within hearsay documents (Alleged Watson

27  Documents). For hearsay within hearsay to be admissible, there must be a hearsay exception for both

28  levels. Here, there is no exception for either level. Therefore, Hadsell objects to any evidence from the

3

1  Alleged Watson Documents.

2          **vi.   Watson Bona Fides:** Evidence is relevant if it is a fact of consequence in determining

3  the action, FRE 401. Irrelevant evidence is inadmissible, FRE 402. The Watson Bona Fides are required

4  facts in the attempted support of admissibility of the Alleged Watson Documents. However, because the

5  Alleged Watson Documents are inadmissible, the Watson Bona Fides are irrelevant because they no

6  longer involve a fact of consequence in this action. Because they are irrelevant, they are inadmissible.

7  Therefore, Hadsell objects to any evidence from the Watson Bona Fides because they are irrelevant and

8  inadmissible.

9          **vii.**   Hadsell moves to strike the Alleged Watson Documents and the Watson Bona Fides.

10     **2.   DECL-Wolfe:**

11         **A.**   The DECL-Wolfe offers as evidence the Alleged Wolfe Documents—Domestic Public

12  Documents (so-called "Account Transcripts") that are not sealed, signed, nor certified. Hadsell objects

13  to the Alleged Wolfe Documents as follows:

14         **i.**   Domestic Public Documents that bear no seal, are nonetheless self-authenticating ___if___,

15  they bear the signature of an officer or employee of, inter alia, a government agency; ___**and**___, another

16  public officer (who has a seal and official duties within that same government agency) certifies under

17  seal, that the signer has the official capacity, and that the signature is genuine, FRE 902(2). Here, the

18  Alleged Wolf Documents are alleged Domestic Public Documents without a seal. Therefore, to be self-

19  authenticating, they must bear the signature of an officer or employee ("**1st Signature**") of a government

20  agency, and must be accompanied by a certification, under seal, by another public officer certifying that

21  the 1st Signature is by a signer who has the official capacity to provide a signature, and that the signature

22  is genuine.

23         **1.**   Here, the Alleged Wolfe Documents are not signed, thus another public officer has

24  no ability to certify such a signature as to the signer's capacity to sign, and the genuineness of the

25  signature.

26         **2.**   Thus, the Alleged Wolfe Documents aren't authenticated. As discussed *supra*,

27  documents that aren't authenticated, aren't admissible.

28         **3.**   Therefore, Hadsell objects to any evidence from the Alleged Wolfe Documents.

Plaintiff's Surreply to United States' 9/15/20 Reply to Plaintiff's 9/8/20 Opposition to Defendant's
8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20                    Case No.:
                                                                                                   20-cv-03512-VKD

    **ii.**    **Wolfe Bona Fides:** Just like the Watson Bona Fides *supra*, the Wolfe Bona Fides are irrelevant because they no longer involve a fact of consequence in this action. Because they are irrelevant, they are inadmissible. Therefore, Hadsell objects to any evidence from the Wolfe Bona Fides because they are irrelevant and inadmissible.

    **iii.**    Hadsell moves to strike the Alleged Wolfe Documents and the Wolfe Bona Fides.

# __CONCLUSION__

**1.**    Because the alleged evidence the Defendant offered this Court violates the Fed. Rules Evid., Hadsell respectfully requests the Court strike the alleged evidence and DENY the MOT to Dismiss.

Dated:  September 16, 2020               Respectfully submitted,

                                                  Christopher Hadsell, Plaintiff

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10   Christopher Hadsell,                                    Case No.:   20-cv-03512-VKD

11        Plaintiff,                                         **[PROPOSED] ORDER DENYING
                                                             DEFENDANT'S 8/25/20 MOTION TO**
12   vs.                                                     **DISMISS PLAINTIFF'S COMPLAINT
                                                             FILED 5/18/20, DOCKETED 5/26/20; AND**
13   United States of America, the Department of             **HOLDING DEFENDANT'S RESPONSE IS
     Treasury by its agency, the Internal Revenue Service    UNTIMELY**
14
          Defendant.                                         **RE: DKT. NO. 13**
15

16        Plaintiff Christopher Hadsell ("Hadsell") sues the United States for alleged illegal collection

17   activities by the Internal Revenue Service ("IRS") and seeks a return of funds that he claims were

18   entrusted to the IRS pursuant to valid Credit Elections such that: i) the Credit Elections are irrevocable

19   by either Hadsell or the IRS, and ii) the Credit Elections require that the sole use of the funds is for

20   payment toward Hadsell's succeeding year's tax liabilities. The government now moves to dismiss

21   Hadsell's complaint (Dkt. No. 1), arguing that Hadsell's claims are barred because the United States has

22   not waived sovereign immunity. Upon consideration of the moving and responding papers, as well as

23   the arguments of counsel, this Court has subject matter jurisdiction to hear Hadsell claims. Therefore, it

24   **DENIES** the motion to dismiss.

25        Further, because the IRS' response filed 8/25/20 is based upon documents it had in hand well

26   before 7/28/20, and arguments that it could have timely made in a 7/28/20 filing, this Court holds that

27   the IRS failed to file a timely answer/response.

28   **I.    BACKGROUND**

It is undisputed that the IRS accepted multiple Credit Elections with Hadsell pursuant to 26 U.S.C. § 6402. As *Martin Marietta Corp. v. U. S.* (Ct. Cl. 1978) 572 F.2d 839 *Martin Marietta Corp. v. U. S.* (Ct. Cl. 1978) 572 F.2d 839, 842 provides, a credit election is irrevocable and binding on both the taxpayer and the IRS, "If a taxpayer… elects to credit an overpayment to its succeeding taxable year's estimated tax liability, that election is irrevocable and binding upon both the taxpayer and the Internal Revenue Service." Additionally, 26 U.S.C. 6513(d) ("§ 6513(d)") also prohibits any credit or refund of a Credit Election:

> If any overpayment of income tax is… claimed as a credit against estimated tax for the succeeding taxable year, such amount shall be considered as a payment of the income tax for the succeeding taxable year… and no claim for credit or refund of such overpayment shall be allowed for the taxable year in which the overpayment arises.

Notwithstanding that the IRS cannot revoke a Credit Election, this action arises out of the IRS' revoking Credit Elections and diverting Credit-Election funds from payments toward Hadsell's succeeding year tax liability, to the Treasury Offset Program.

Hadsell asserts a claim for relief to have the diverted-Credit-Election funds returned to him.

With respect to Hadsell's claim for relief, the IRS argues that his claim should be dismissed pursuant to Rule 12(b)(1) because the United States has not waived sovereign immunity; therefore, this Court lacks subject matter jurisdiction.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of a plaintiff's complaint. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack"). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack on jurisdiction, a court must accept all plaintiff, "allegations [as] true and draw all reasonable

[Proposed] Order DENYING Defendant's 8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20; And Holding Defendant's Response Is Untimely

Case No.: 20-cv-03512-VKD

inferences in his favor." *Wolfe v. Strankman* 392 F.3d 358, 362 (9th Cir. 2004). In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint and is not required to presume the truthfulness of the plaintiff's allegations. *Safe Air, 1039.* The party asserting federal subject matter jurisdiction bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, the IRS presented no valid extrinsic evidence; therefore, the standard of review is that of a facial attack.

## III.   DISCUSSION

### A.   Hadsell's Claims Based Upon Two Independent Legal Theories

Hadsell's claim is based upon two independent legal theories.

#### i.   Claim Pursuant to § 7433(a)

As 26 U.S.C. § 7433(a) ("§ 7433(a)") provides, taxpayers can sue the government for violations of the tax code in the collection process if the following three elements are proven:

> If, [1] in connection with ***any*** collection of Federal tax with respect to a taxpayer, [2] any officer or employee of the Internal Revenue Service [3] recklessly or intentionally, or by reason of negligence, disregards ***any*** provision of this title, ***or any*** regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States… (Emphasis added.)

As discussed *supra*, the Credit Election portion of the federal tax collection process involves the holding of funds in trust by the IRS until those funds can be collected as payment toward a succeeding year's federal taxes.

If the IRS revokes a valid Credit Election as payment toward the succeeding year's federal taxes and turns it into a refund for the preceding year instead, then it specifically disregards § 6513(d)'s prohibition that, "no… refund of such overpayment shall be allowed for the taxable year in which the overpayment arises."; thereby, "disregarding [a] provision of [Title 26]", "in connection with any collection of Federal tax with respect to a taxpayer…". In so doing, the IRS has unequivocally waived sovereign immunity because pursuant to § 7433(a), a "taxpayer may bring a civil action for damages against the United States" under those circumstances.

As discussed *supra*, the Court must accept all of Hadsell's allegations as true, and draw all reasonable inferences in his favor. Here, it is undisputed that Hadsell made valid Credit Elections that

3

were accepted by the IRS, and subsequently, the IRS revoked the Credit Elections, claimed that they were refunds instead, and diverted them to the Treasury Offset Program rather than collecting them at a future date from the funds entrusted to it, and making a payment from those funds toward Hadsell's succeeding year's tax liabilities. Therefore, because the IRS has disregarded a provision of Title 26 in connection with the collection of Federal tax with respect to Hadsell as a taxpayer, this Court has subject matter jurisdiction for Hadsell's claim pursuant to § 7433(a).

The IRS argues that *Ivy v. Comm'r of the IRS* (D.D.C. 2016) 197 F. Supp. 3d 139, Dkt 13, 6:6-14, permits the IRS to divert refunds to the Treasury Offset Program and therefore the United States hasn't waived sovereign immunity. However, *Ivy* is inapposite because it involves refunds ***before*** a Credit Election has been made. Therefore, *Ivy* doesn't involve the revocation Credit-Election funds, and turning them into refund funds, which is the offending violation of § 6513(d) here that triggers a waiver of sovereign immunity.

### ii.    Claim Pursuant to FTCA

As 28 U.S.C. §§ 1346(b) and 2671-2680 ("FTCA") provide, the United States waives sovereign immunity, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Here, it is undisputed that the IRS breached its contract with Hadsell to hold Credit-Election funds in trust for the sole purpose of applying the funds toward Hadsell's succeeding year federal tax liabilities. Additionally, it is undisputed that the IRS committed conversion by permanently depriving Hadsell of funds without his consent. Further, because those funds were held by the IRS in trust, the IRS committed embezzlement. In any of those circumstances, were the United States a private person, it is undisputed that the IRS would be liable to Hadsell under California law.

The IRS argues that *United States v. Dalm* (1990) 494 U.S. 596, 601-602 provides limitations on the filing of claims, Dkt 13, 4:24-5:3. The IRS doesn't state what limitation it's referring to, but its cite is to *Dalm* references a claim that was not filed within the statute of limitation to make a claim. Here, Hadsell has timely filed his claims, therefore, this limitation doesn't apply.

The IRS argues that 28 U.S.C. § 2680(c) provides an exception to IRS liability for "any claim arising in respect of the assessment or collection of any tax…". What the IRS disingenuously elided is

4

that this provision applies to any "assessment or collection of any tax… by any officer of customs or excise or any other law enforcement officer…". This case doesn't involve assessment or collection of any tax by a customs officer or a law enforcement office. Therefore, this argument fails.

Finally, the IRS argues that the Intentional Tort Exception, 28 U.S.C. §2680(h), Dkt 13, 7:10-17 provides an exception to IRS liability for "[a]ny claim arising out of… misrepresentation, deceit, or interference with contract rights…" As discussed *supra*, Hadsell's claims involve breach of contract, conversion, and embezzlement. None of these are included in the IRS' argument regarding 28 U.S.C. §2680(h), therefore, this limitation doesn't apply.

Because none of Defendant's arguments apply, this Court has subject matter jurisdiction for Hadsell's FTCA claim.

**B.    Defendant Failed to Provide a Timely Response**

Based upon the United States' representations that it required more time to file its answer, Dkt 9, 1:21-22, this Court generously granted the Defendant an extension to file its answer/response from 7/28/20 to 8/25/20, *Id.*, 1:22-23.

However, as the Defendant admits, Dkt. 18, 2:3-4, its response filed on 8/25/20 could have been filed by its original filing deadline of 7/28/20 because its 8/25/20 filing was based upon documents it had in hand well before 7/28/20, and the 8/25/20 filing provided arguments that the IRS could have made by the 7/28/20 deadline.

Because the United States' representations proved to be inaccurate, the Court now makes its final ruling based upon accurate information, and therefore this Court makes its final ruling that the United States' answer/response deadline remains as 7/28/20. Because the United States cannot make a timely filing because its filing deadline has expired, this Court rules that the United States failed to make a timely answer/response filing.

**IT IS SO ORDERED**.

Dated: _____        _____
                                        VIRGINIA K. DEMARCHI
                                        United States Magistrate Judge

5

[Proposed] Order DENYING Defendant's 8/25/20 Motion to Dismiss Plaintiff's Complaint Filed 5/18/20, Docketed 5/26/20; And Holding Defendant's Response Is Untimely

Case No.:
20-cv-03512-VKD