Christopher Hadsell
Plaintiff
9000 Crow Canyon Rd., S-399
Danville, CA 94506
Email: CJHadsellLaw@gmail.com
Tel: (925) 482-6502

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Christopher Hadsell, | Case No.:   20-cv-03512-VKD |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S 3/25/21 MOTION TO RESET DEADLINES** |
| vs. | |
| United States of America, the Department of Treasury by its agency, the Internal Revenue Service | **Date**:   4/13/21<br>**Time**:   10:00 a.m.<br>**Courtroom 2, 5th Floor** |
| Defendants. | **Judge:**   Hon. Virginia K. DeMarchi |

**1.    Extension Request *Before* vs. *After* Deadline**:

   **A.**    When an extension of time request is made ***before*** the deadline has passed, district courts are liberal in granting the request, *Ahanchian v. Xenon Pictures, Inc.* (9th Cir. 2010) 624 F.3d 1253, 1258-1259, Fed. Rules Civ. Proc.[1], rule 1. ***After*** the time period has expired, district courts will grant an extension of time only if the requesting party can demonstrate "excusable neglect", FRCP 6(b)(1)(B).

   **B.**    "**Excusable Neglect**" requires courts to, "apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith", *Ahanchian*, 1261.

   **i.    Prejudice**:

   **1.**    For ***years*** prior to Mr. Hadsell ("**Hadsell**") filing this case, the IRS refused to acknowledge, let alone address, the issues raised by Hadsell (over 3 years from the date of Hadsell's

---

[1] Subsequent references to the Fed. Rules of Civ. Proc. will be designated "FRCP".

1

first payment, over 2 years from the Parties' first correspondence). This case will be one year old on 5/18/21, and the IRS has yet to file an answer—an answer that, pursuant to FRCP 12(a)(4)(A) [see Dkt 24, 24:12], the IRS was required to file 14 days after this Court's 2/3/21 Order (viz., on 2/17/21). Hadsell has already suffered prejudice by being denied summary judgment when the Court weighed the prejudice against Hadsell versus allowing the case to be decided on the merits and graciously excused the IRS' failure to file a timely response/answer to Hadsell's complaint, Dkt 9, 22-23. In retrospect, the prejudice to Hadsell looks more and more inequitable with the IRS' continued delays.

    **2.** This Court has acted with alacrity on many occasions. It's done so again here by the Court's example of its efforts to meet deadlines by keeping the IRS' motion on track for the 4/13/21 Hearing. Given the Court's example, Hadsell hesitates to complain about having only 28.5% of the normal time to respond to the IRS' motion. Notwithstanding, it seems worthy of mention since the Court was forced to shorten Hadsell time because the IRS filed a motion 16 days later than its ***already extended*** (as discussed *infra*) filing deadline—or 114%[2] of a normal 14 days to respond, vs. 28.5%.

    **3.** Finally, as noted in Dkt 24, 5:18, the IRS isn't required to pay interest on tort claims; therefore, with Hadsell's money in the IRS' hands, ***every day*** of delay potentially further prejudices Hadsell.

    **ii.** **Delay Length/Proceedings Impact**: As noted *supra*, the IRS' filing date for its Answer to the Complaint should have been 2/17/21—40 days ago, and counting. Until the IRS files its Answer, the IRS hasn't disclosed its position/theory on the merits. That significantly impacts these proceedings since the Parties can't create a Joint Case Management Statement ("**JCMS**"), nor can an Initial Case Management Conference ("**ICMC**") be held until the IRS files its Answer. Any further delay so that the IRS can first respond to a motion that the IRS should have already filed on 3/9/21[3] (20 days and counting) will only further exacerbate the IRS' deleterious impacts on these proceedings.

    **iii.** **Delay Reason**:

    **1.** A portion of the IRS' delay was due to the death of Mr. Watson's ("**Watson**") father. Hadsell lost his father not too long ago, and his mother after that. So, he understands, appreciates,

---

[2] And counting for each day of any extension.
[3] A date that this Court already extended to accommodate Mr. Watson's attending to his father's death.

and sympathizes with Watson's situation. However, by the IRS' own admission, the delay was significantly longer than that due to the death of Watson's father.

    **a.**    It is not callous to note that Watson is not a sole practitioner. He works for the United States Government, the mightiest entity on Earth. The Tax Division of the DOJ employs over 350 attorneys, U.S. Dept. of Justice, https://www.justice.gov/tax/about-division (last visited March 28, 2021). Thus, it is not possible to legitimately claim that there was no one available at the DOJ who could have covered for Watson during his absence.

    **b.**    Notwithstanding, as conceded *supra*, a delay for Watson is legitimate. As Watson claims in the IRS' motion (Dkt 27, 1:21-22), he, "took approximately two weeks of leave to travel to Kentucky to arrange for his [father's] burial and other affairs."[4] Hadsell concedes that an approximately two-week delay is a legitimate delay.

    **c.**    The problem is, an approximately two-week delay results in a delay to 2/22/21. Further, during that approximately two-week delay:

    **A)**    Hadsell emailed Watson on 2/13/21. Hadsell indicated that he intended to file a motion concerning the Court's 2/3/21 Order (Dkt 22) regarding: i) subject matter jurisdiction, and ii) extending the dates for the JCMS and ICMC. Hadsell inquired whether Watson would oppose extending the JCMS and ICMC dates.

    **B)**    On 2/13/21, Hadsell received an out-of-office email indicating that Watson was out of the office until 2/15/21.

    **C)**    On 2/15/21, ***while in Lexington,*** Watson emailed Hadsell stating that Watson's father had died, and Watson requested that Hadsell file for a delay of the JCMS and ICMC.

    **D)**    On 2/15/21, Hadsell replied to Watson expressing his sympathies and thanking Watson for his support with respect to the delay.

    **E)**    On 2/15/21, Hadsell received an updated out-of-office email stating that Watson was now out of the office until 2/22/21—demonstrating Watson's attention to his work email.

    **F)**    Thus, these facts support that Watson was out of the office for

---

[4] While Lexington, KY is 2,030 miles from San Jose, CA, n.b., Lexington is 408 miles from Washington D.C. where Watson's office is located (that compares with San Jose, CA to San Diego, CA at 416 miles).

3

"approximately two weeks of leave" (Dkt 27, 1:21-22) that included at least part of the week ending 2/13/21, and for the full week ending 2/20/21, returning to work on 2/22/21.

   **G)** The Court, upon learning of Watson's return to work on 2/22/21 in Hadsell's 2/17/21 Motion (Dkt 25, 1:23), extended the IRS' filing deadline from 3/3/21, to 3/9/21 (thereby providing for 15 days after Watson's return to the office).

   **H)** Thus, the Court accommodated the delay due to the death of Watson's father with the 3/9/21 filing date. Therefore, the IRS needs a reason for the delay from 3/9/21 onward.

  **2.** The first reason provided for delay after 3/9/21 is that Watson didn't see the Court's 2/19/21 Order because he was in Lexington, KY rather than his office in Washington, D.C.

   **a.** Although responding to work email in Lexington, it is possible that Watson didn't see the Court's 2/19/21 Order on 2/19/21. However, the Court has already accommodated that reason by making the IRS' response due on 3/9/21; 15 days after Watson's return to work on 2/22/21.

  **3.** The second, and final reason, for delay past 3/9/21 is that, "[Watson] failed to see the Order when he returned to work… [until] March 21, 2021.", Dkt 27, 2:4-6. Thus, Watson alleges that ***for 27 days*** after returning to work, he didn't see this Court's Order despite his 2/15/21 (34 days earlier) request that Hadsell file a motion with the Court. Still, his response took four days; 3/25/21.

   **a.** Assuming, arguendo, Watson's allegations are true, for a lawyer to ignore court deadlines in his/her email for weeks cannot qualify as a reason for delay to support Excusable Neglect.

 **iv.** **Good Faith:**

  **1.** In *Ahanchian*, 1262 good faith was found to exist when:

> [C]ounsel displayed his (mistaken) belief that the oppositions were due on September 4, 2008… [H]is reliance on the calendaring mistake was not a bad-faith, post-hoc rationalization concocted to secure additional time. [C]ounsel had no history of missing deadlines or disobeying the district court's orders; in fact, he demonstrated a sensitivity to the court's orders and deadlines by promptly seeking extensions of time where necessary.

  **2.** Here, the IRS had no calendaring mistake. But, the IRS ***has*** a history of missing deadlines [inter alia, failing to timely file: Answer/Response to Complaint (Dkt 7); Consent to Magistrate (Dkt 14); response to Hadsell's 2/17/21 Motion (Dkt 27)].

  **3.** Here, the IRS has a history of, inter alia, violating the rules of court (Dkt 9, 1:18-19), and then, when admonished by this Court to comply in the future (*Id*. 1:28), the IRS continued to

4

violate the rules of court; violated the United States Code; disobeyed the Court's orders (Dkt 17, 8:11-21); and defrauded this Court about the Federal Rules of Evidence (e.g., *Id.*, 9:17-10:21).

      **4.**    The IRS has not promptly sought extensions of time where necessary.

      **5.**    Thus, because the IRS has acted in opposite fashion to each of the *Ahanchian* Court's facts that supported a finding of good faith—a fortiori, the IRS has acted in bad faith.

      **v.**    **Excusable Neglect Conclusion**: As described *supra*, regarding each of the four factors, the IRS fails the four-factor equitable test for Excusable Neglect.

**2.**    **We Live in a World of Deadlines**: As *Parker v. FedEx Nat'l LTL, Inc.* (C.D.Cal. Apr. 11, 2011, No. CV 11-638 DSF (FFMx)) 2011 U.S.Dist.LEXIS 156562, *22-23 provides [quoting from *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996), emphasis in original]:

> **We live in a world of deadlines**…. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

    **A.**    Time and again, the IRS has acted in this case as though deadlines apply only to other parties, not the IRS. It appears time for the Court to disabuse the IRS of such behavior.

**3.**    **Conclusion**:

    **A.**    Because: i) the IRS' request for extension is after its filing deadline; ii) the IRS fails the four-factor equitable test for Excusable Neglect; and iii) due to the facts, law, and argument provided *supra*, Hadsell requests that this Court DENY the IRS' motion (Dkt 27) to reset deadlines.

    **B.**    Notwithstanding, by email correspondence with the IRS on 3/23/21, Hadsell agreed to: i) the IRS' request to require its Answer to be filed 14 days after this Court's decision [however, not if the Court decides it was due 2/17/21]; ii) the JCMS being due 14 days after the IRS' Answer (if an Answer is allowed to be filed), and iii) the ICMC being held on a date convenient to the Court's calendar.

    **C.**    It appears the IRS' motion (Dkt 27, 2:7-13) inadvertently substituted the ICMC for the JCMS date, and as a result, failed to request that the ICMC be held on a date convenient to the Court's calendar.

Dated: March 29, 2021                                    Respectfully submitted,

                                                                                        Christopher Hadsell, Plaintiff

Christopher Hadsell
9000 Crow Canyon Rd., S-399
Danville, CA 94506
Email: CJHadsellLaw@gmail.com
Tel: (925) 482-6502

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| Christopher Hadsell, | Case No.: 20-cv-03512-VKD |
|---|---|
| Plaintiff, | **DECLARATION OF HADSELL IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S 3/25/21 MOTION TO RESET DEADLINES** |
| vs. | |
| United States of America, the Department of Treasury by its agency, the Internal Revenue Service | |
| Defendant. | |

I, CHRISTOPHER HADSELL, ("**Hadsell**") declare that I am over the age of 18 and I am the Plaintiff in this matter. I offer my declaration in lieu of personal testimony pursuant to 28 U.S.C. §1746. If called upon to testify, I would do so of my own knowledge as to the following:

1. This declaration is submitted in support of the Plaintiff's Response to Defendant's 3/25/21 Motion to Reset Deadlines ["**Pl Resp to Def MOT Reset Deadlines**"].

2. The facts provided in the Pl Resp to Def MOT Reset Deadlines, Dkt 29, 3:14-25 (which are incorporated by reference as though fully set forth herein) are within my personal knowledge as a party to this matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 29, 2021.

*/s/ Christopher Hadsell*
Christopher Hadsell, Plaintiff