DAVID A. HUBBERT
Acting Assistant Attorney General

RICK WATSON (Georgia Bar No. 741771)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-0300 (v)
202-307-0054 (f)
Rickey.watson@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER HADSELL, <br><br>   Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>   Defendant. | Case No. 5:20-cv-03512-VKD <br><br> **UNITED STATES' RESPONSE TO MOTION FOR RECONSIDERATION** <br><br> DATE:     May 4, 2021 <br> TIME:     10:00 a.m. <br> LOCATION: 280 South 1st Street <br>                San Jose, CA |

     On February 17, 2021, Plaintiff filed a Motion to Amend, which the Court is treating as a Motion for Reconsideration. Dkt. # 24, 26. On April 2, 2021, the Court granted the United States' motion to reset the response deadlines. Dkt. # 30. The United States hereby files its opposition to that motion.

     In this district, a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). The moving party must demonstrate the existence of one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of

      reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

      (2) The emergence of new material facts or a change of law occurring after the time of such order; or

      (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).  As there has been no allegation that a material difference in fact or law or change in the law, the only possible basis for reconsideration is the finding of a manifest failure of the Court to consider material facts or dispositive arguments presented before the order was issued.  Civ. L.R. 7-9(b)(3).  As demonstrated below, Plaintiff has not met this burden.

      A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Whether to grant relief under Rule 7-9 is committed to the Court's sound discretion. *Montebueno Mktg., Inc. v. Del Monte Corp. USA*, 570 F. App'x 675, 676 (9th Cir. 2014).  In addition, "[n]o motion for . . . for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."  Civ. L.R. 7-9(c).

      Plaintiff first requests that the Court "determine with finality, rather than provisionally, that the Court has subject matter jurisdiction" over his claim filed under 26 U.S.C. § 7433.  However, the Court has already determined that, based on the material currently before it, it does have subject matter jurisdiction.  The Court did give the United States leave to refile this portion of the motion should later developments establish the subject matter jurisdiction is not present.  This is in accord with the law, which holds that challenges to subject matter jurisdiction may be raised at any time in the proceedings, even after a final judgment is entered.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citations omitted).  Simply put, there is nothing to reconsider at this time as to the jurisdiction of Plaintiff's claim under section 7433.

Response to Motion to Reconsider
5:20-cv-03512-VKD                 2

1    Plaintiff next asks the Court to reconsider its determination that it lacked subject matter jurisdiction under the Federal Tort Claims Act.  However, virtually the entirety of his argument on this point is a rehash of the central argument he has presented to the Court throughout this litigation: namely, that at some point after he made the credit election on his income tax forms, the IRS was bound by that election and could not later offset those amounts against other tax liabilities under 26 U.S.C. § 6402.  No court has ever made such a finding.  Further, since Plaintiff's arguments are the same as made before, they are not a basis for granting the motion for reconsideration.  Civ. L.R. 7-9(c).

    Plaintiff also argues that the section 6402 offsets were not related to the assessment or collection of taxes under 28 U.S.C. § 2680(c).  As the Court correctly noted, the tax exception to the FTCA is broadly applied in this and other Circuits.  This case is based on the collection of Mr. Hadsell's taxes.  That payments towards those liabilities were later applied to other obligations, as authorized by section 6402, does not move them outside the assessment and collection process.  Further, this argument was specifically raised by Plaintiff in his briefing on this issue, and therefore it is barred by Civ. L.R. 7-9(c).

    Plaintiff argues that his case is akin to the facts of *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1155 (9th Cir. 2017), essentially because something was taken from him.  However, what was taken in *Snyder* was not the taxes of the entity, but other funds used to conduct a sting operation.  Here, Plaintiff's tax payments were collected and applied as dictated by statute.  The issues under these facts arose "in respect to the assessment or collection of" any tax, and the narrow exception recognized in *Snyder* is not applicable here.

    In short, Plaintiff has not demonstrated that the Court's Order constitutes a manifest failure by the Court to consider material facts or dispositive legal arguments.  Further, they are almost, if not entirely, a rehash of arguments previously made to the Court on these issues.  Therefore, the motion should be denied.

Dated: April 6, 2021.

        Respectfully submitted,

        DAVID A. HUBBERT
        Acting Assistant Attorney General

        /s/*Rick Watson*
        RICK WATSON
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Washington, D.C.  20044
        202-353-0300 (v)
        202-307-0054 (f)
        Rickey.watson@usdoj.gov

        Attorney for the United States