Christopher Hadsell
Plaintiff
9000 Crow Canyon Rd., S-399
Danville, CA 94506
Email: CJHadsellLaw@gmail.com
Tel: (925) 482-6502

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Hadsell, | Case No.:   20-cv-03512-VKD |
|    Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE COURT'S ORDER (DKT 56) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT 24) UNDER FRCP 60(b)** |
| vs. | |
| United States of America, the Department of Treasury by its agency, the Internal Revenue Service | **Date**:     1/11/22<br>**Time**:    10:00 a.m.<br>**Location**:  Courtroom 2, 5th Floor<br>**Judge**:   Hon. Virginia K. DeMarchi |
|    Defendant. | |

# <u>NOTICE OF MOTION</u>

1.     TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD: As more fully discussed in the attached Memorandum of Points and Authorities', Introduction Section, Plaintiff, Christopher Hadsell ("**Hadsell**"), filed a motion for summary judgment, Dkt 41, "**Hadsell MOT Summ JDMT**". The Court DENIED the Hadsell MOT Summ JDMT, Dkt 56. The Court stated that the denial was based, not on the facts, but on the law, Dkt 56, 6:20-22. A motion pursuant to Fed. Rules Civ. Proc., rule 59(e)[1] must be directed at a judgment. FRCP 54(a) defines a judgment as, " 'Judgment'… includes… any order from which an appeal lies." An appeal lies from an order granting a summary judgment motion, *SEIU v. United States* (9th Cir. 2010) 598 F.3d 1110, 1112. Generally, an appeal does not lie from an order denying a summary judgment motion, *Easter v. Am. West Fin.* (9th Cir. 2004) 381 F.3d 948, 956, fn. 4. Among the exceptions to this general rule is when a court has denied the summary

---

[1] Subsequent references to the Fed. Rules Civ. Proc. will be designated "**FRCP**".

1

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying     Case No.:
Plaintiff's Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)     20-cv-03512-VKD

judgment motion based upon an error of law, *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.* (9th Cir. 2004) 382 F.3d 897, 902[2]. Based upon this exception to the general rule, and potentially other exceptions, Hadsell filed the Motion (Dkt 60, "**Hadsell 11/30/21 MOT**") to Alter, Amend, or Vacate the Court's 12/2/21 Order (Dkt 56). Hadsell should have included the discussion *supra* in the Hadsell 11/30/21 MOT; especially since the Court had previously raised the issue of an appealable judgment requirement for an FRCP 59(e) motion (Dkt 26, 1:20-21). Hadsell sincerely apologizes for his oversight, and any inconvenience that resulted. Because of Hadsell's oversight, the Court DENIED (Dkt 61) the Hadsell 11/30/21 MOT. The Court continued, "If [Hadsell] believes he has grounds for reconsideration of the Court's order… [he] may file a motion for leave to file a motion for reconsideration that complies with Civil Local Rule 7-9.", Dkt 61, 1:22-24. Hadsell greatly appreciates the Court's kind words. However, respectfully, he is concerned that N.D. Cal. Civil L.R. 7-9[3] may also fail to provide grounds for his motion. An FRCP 60(b) motion avoids these issues. Therefore, please take notice that on **1/11/22** at **10:00 a.m.**, or as soon thereafter as the matter can be heard in the courtroom of Honorable Virginia K DeMarchi, located at **Courtroom 2, 5th Floor**, 280 South 1st St., San Jose, Hadsell will, and hereby does, move the Court, pursuant to FRCP 60(b) for an order for Relief from the Court's Order (Dkt 56) Denying Plaintiff's Motion for Summary Judgment (Dkt 24).

Hadsell brings this motion on the ground that the Court committed clear legal errors resulting in an order that is manifestly unjust.

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the files and records in this matter, any evidence or argument presented at any hearing on this matter, and the attached Proposed Order.

Dated: December 6, 2021                                        Respectfully submitted,

                                                                            Christopher Hadsell, Plaintiff

///

---

[2] As the *Banuelos* Court, 902 states, "This general rule, however, does not apply to those denials of summary judgment motions where the district court made an error of law that, if not made, would have required the district court to grant the motion."
[3] Subsequent references to the N.D. Cal. Civil L.R. will be designated "**Civ. L.R.**".

1  Christopher Hadsell
   Plaintiff
2  9000 Crow Canyon Rd., S-399
   Danville, CA 94506
3  Email: CJHadsellLaw@gmail.com
   Tel: (925) 482-6502
4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10 Christopher Hadsell,                          Case No.:   20-cv-03512-VKD

11      Plaintiff,                               **PLAINTIFF'S MEMORANDUM OF
                                                 POINTS AND AUTHORITIES IN SUPPORT
12 vs.                                           OF PLAINTIFF'S NOTICE OF MOTION
                                                 AND MOTION FOR RELIEF FROM THE
13 United States of America, the Department of Treasury  COURT'S ORDER (DKT 56) DENYING
   by its agency, the Internal Revenue Service  PLAINTIFF'S MOTION FOR SUMMARY
14                                               JUDGMENT (DKT 24) UNDER FRCP 60(b)**
       Defendants.
15                                               **Date**:       1/11/22
                                                 **Time**:       10:00 a.m.
16                                               **Location**:   Courtroom 2, 5th Floor
                                                 **Judge**:      Hon. Virginia K. DeMarchi
17

18 [Rest of this page intentionally left blank.]

19

20

21

22

23

24

25

26

27

28

3

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's        Case No.:
Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)                                                         20-cv-03512-VKD

1

# Table of Contents

2
**Page**

3 **TABLE OF AUTHORITIES** ................................................................ **5**

4 **MEMORANDUM OF POINTS AND AUTHORITIES** .................. **7**

5    **INTRODUCTION** ...........................................................................**7**

6      HADSELL APOLOGY .....................................................................7

7      FUNDAMENTAL PRINCIPLES OF THIS CASE ...............................8

8    **LEGAL STANDARDS** ....................................................................**9**

9      MOTION FOR RELIEF UNDER FRCP 60(B) ...................................9

10        Relief: from Clear Legal Errors and for Any Reason Justifying Relief............9

11        FRCP 60(b)(1) Standard of Review ...............................................10

12    **STATEMENT OF FACTS** ............................................................**10**

13      IRS ANSWER ..............................................................................11

14    **ARGUMENT** ...............................................................................**12**

15      THIS MOTION SHOULD BE GRANTED AND THE ATTACHED

16         PROPOSED ORDER THAT GRANTS HADSELL'S MOTION

17         FOR SUMMARY JUDGMENT SHOULD BE ENTERED ......................12

18      The 11/19/21 Order Commits Clear Legal Error When It States That

19        §6402(g) Applies to This Case ...............................................12

20      The 11/19/21 Order Commits Clear Legal Error In Its Analysis of

21        Credit Election Law .............................................................15

22      IRS Is At It Again—It Must Be Stopped .........................................20

23    **CONCLUSION** ............................................................................**20**

24 **EXHIBIT 1: 10/18/21 IRS LETTER** ............................................. **23**

25

26

27

28

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's      Case No.:
Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)               20-cv-03512-VKD

# TABLE OF AUTHORITIES

## Cases

*Banuelos v. Constr. Laborers' Trust Funds for S. Cal.* (9th Cir. 2004)
  382 F.3d 897 ............................................................................................ 7
*Brady v. United States* (D.Mass. 1927)
  24 F.2d 205 ............................................................................................ 18
*Easter v. Am. West Fin.* (9th Cir. 2004)
  381 F.3d 948 ............................................................................................ 7
*Faile v. Upjohn Co.* (9th Cir. 1993)
  988 F.2d 985 ............................................................................................ 10
*Kingvision Pay-Per-View v. Lake Alice Bar* (9th Cir. 1999)
  168 F.3d 347 ............................................................................................ 10
*Liberty Mut. Ins. Co. v. EEOC* (9th Cir. 1982)
  691 F.2d 438 ............................................................................................ 10
*Lyeth v. Hoey* (2d Cir. 1940)
  112 F.2d 4 ............................................................................................ 18
*Reich v. Collins* (1994)
  513 U.S. 106 ............................................................................................ 20
*SEIU v. United States* (9th Cir. 2010)
  598 F.3d 1110 ............................................................................................ 7
*Wood v. United States* (S.D.N.Y. 1953)
  121 F.Supp. 769 ............................................................................................ 18

## Rules

Fed. Rules Civ. Proc., rule 26 ............................................................................................ 15
Fed. Rules Civ. Proc., rule 54(a) ............................................................................................ 7
Fed. Rules Civ. Proc., rule 59(e) ............................................................................................ 7, 9
Fed. Rules Civ. Proc., rule 60(b) ............................................................................................ 8, 9
Fed. Rules Civ. Proc., rule 60(b)(1) ............................................................................................ 10
Fed. Rules Evid., rule 1001 ............................................................................................ 11
Fed. Rules Evid., rule 1003 ............................................................................................ 11
Fed. Rules Evid., rule 1007 ............................................................................................ 11
Fed. Rules Evid., rule 106 ............................................................................................ 11
Fed. Rules Evid., rule 401 ............................................................................................ 11
Fed. Rules Evid., rule 402 ............................................................................................ 11
Fed. Rules Evid., rule 803(15) ............................................................................................ 11
Fed. Rules Evid., rule 804(b)(3) ............................................................................................ 11
Fed. Rules Evid., rule 901 ............................................................................................ 11
N.D. Cal. Civil L.R. 7-9 ............................................................................................ 8
N.D. Cal. Civil L.R. 7-9(b)(3) ............................................................................................ 8
N.D. Cal. Civil L.R. 7-9(c) ............................................................................................ 8

## Statutes

26 U.S.C. §6402(a) ............................................................................................ 16, 17
26 U.S.C. §6402(b) ............................................................................................ 16, 17, 19, 20
26 U.S.C. §6402(c) ............................................................................................ 13, 14, 16, 20
26 U.S.C. §6402(g) ............................................................................................ 12, 13, 14
26 U.S.C. §6501(a) ............................................................................................ 18
26 U.S.C. §6513(b)(2) ............................................................................................ 16, 17
26 U.S.C. §6513(d) ............................................................................................ 16, 17, 18, 19, 20

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's
Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)

Case No.:
20-cv-03512-VKD

26 U.S.C. §6611(a) ........................................................................................................... 16
26 U.S.C. §6611(e)(1) ...................................................................................................... 16
28 U.S.C. §453 ................................................................................................................... 9
42 U.S.C. §608(a)(3) ............................................................................................... 10, 13, 16
42 U.S.C. §664(a)(1) ................................................................................................... 13, 14
U.S. Const. ............................................................................................................................ 9
U.S. Const. amend. I ............................................................................................................ 8
U.S. Const. amend. V ...................................................................................................... 8, 9
U.S. Const. art. II, §3 .......................................................................................................... 8
U.S. Const. art. VI, cl. 3 ....................................................................................................... 9

# Other Authorities

Black's Law Dictionary (11th ed. 2019) ......................................................................... 11
Internal Revenue Service,
    https://www.irs.gov/refunds/what-to-expect-for-refunds-this-year (last visited November 29, 2021) 17
Oxford English Dictionary 1190 (2d ed., CD-ROM ver. 4.0) .............................................. 12

# **MEMORANDUM OF POINTS AND AUTHORITIES**

**2.    Introduction**:

    **A.    Hadsell Apology**:

        **i.**    Hadsell filed the Hadsell MOT Summ JDMT (Dkt 41) on 6/2/21.

        **ii.**    The Court DENIED the Hadsell MOT Summ JDMT, Dkt 56.

          **1.**    The Court stated that the denial was based upon the law, not the facts, Dkt 56, 6:20-22.

        **iii.**    An FRCP 59(e) motion to alter, amend, or vacate a court order must be directed at a judgment.

        **iv.**    FRCP 54(a) defines a judgment as, " 'Judgment'… includes… any order from which an appeal lies."

        **v.**    **Appealable Orders Regarding Summary Judgment Motions**:

          **1.**    **Orders Granting Summary Judgment Motions**:

            **a.**    An appeal lies from an order ***granting*** a summary judgment motion, *SEIU*, 1112.

          **2.**    **Orders Denying Summary Judgment Motions**:

            **a.**    The general rule is that an appeal does ***not*** lie from an order denying a summary judgment motion, *Easter*, 956, fn. 4.

            **b.**    However, *Banuelos*, 902 provides an exception, "This general rule, however, does not apply to those denials of summary judgment motions where the district court made an error of law that, if not made, would have required the district court to grant the motion.", "***Banuelos Exception***".

        **vi.**    Based upon the *Banuelos* Exception, and potentially other exceptions, Hadsell filed the Hadsell 11/30/21 MOT pursuant to FRCP 59(e).

        **vii.**    **Apology**:

          **1.**    Hadsell should have included the discussion *supra* in the Hadsell 11/30/21 MOT; especially since the Court had previously raised the issue of an appealable judgment requirement for an FRCP 59(e) motion (Dkt 26, 1:20-21). Hadsell sincerely apologizes for his oversight, and any inconvenience that resulted.

7

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's
Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)

Case No.:
20-cv-03512-VKD

**viii.**    Because of Hadsell's oversight, the Court DENIED (Dkt 61) the Hadsell 11/30/21 MOT. The Court continued, "If [Hadsell] believes he has grounds for reconsideration of the Court's order… [he] may file a motion for leave to file a motion for reconsideration that complies with Civil Local Rule 7-9.", Dkt 61, 1:22-24. Hadsell greatly appreciates the Court's kind words. However, respectfully, he is concerned that Civ. L.R. 7-9 may also fail to provide grounds for his motion.

**1.**    E.g., the ground for the motion would be Civ. L.R. 7-9(b)(3), "[M]anifest failure by the Court to consider… dispositive legal arguments… ***presented to the Court before*** such interlocutory order." (emphasis added). Yet, Civ. L.R. 7-9(c) states, "No motion for leave to file a motion for reconsideration may repeat ***any*** oral or written argument made by the [movant]… in opposition to the interlocutory order [that] the [movant] now seeks to have reconsidered." (emphasis added). It seems a "Catch-22" situation in which the motion must be based upon an argument previously provided to the Court, yet not state the very argument being analyzed.

**2.**    Specifically, one of Hadsell's dispositive law arguments is that IRS lacks "authority" to act. He made that argument "before", more generally. Yet, here, he extends that argument to specifically demonstrate how the argument applies. Is this "extension" argument one that was "presented… before", or a "new" argument? If "new", can it be used? If "presented… before" more generally, yet now, to express it at all, it must literally be stated, is that prohibited "repetition"?

**ix.**    As detailed *infra*, an FRCP 60(b) motion is a vehicle for discussing clear legal error, yet avoids the issues *supra*. Therefore, in an effort to spare the Court's, and the parties' resources, this motion is submitted pursuant to FRCP 60(b).

**B.    Fundamental Principles of This Case**:

**i.**    The fundamental principles of this case are simple:

**1.**    Hadsell alleges that the Executive Branch of the federal government failed its duty to "take Care that the Laws be faithfully executed" (U.S. Const. art. II, §3) by violating Hadsell's rights; because

**2.**    the Secretary, by its agency, the Internal Revenue Service ("**IRS**"), committed an unlawful taking of Hadsell's assets in violation of U.S. Const. amend. V, "**5th Amend.**".

**3.**    As a result, Hadsell is simply exercising his U.S. Const. amend. I ("**1st Amend.**")

8

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's
Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)                                    Case No.:
                                                                                  20-cv-03512-VKD

right "[T]o petition the Government for a redress of grievances…" because IRS took Hadsell's, "private property… for public use, without just compensation.", 5th Amend.

    **4.**    Hadsell has exhausted administrative procedures to have IRS correct its violations. Hadsell must now call upon the Court to: i) follow its two required oaths[4] of office, and thereby, ii) exercise its constitutional power of checks and balances upon the Executive Branch to reverse the Executive Branch's violations of Hadsell's constitutional rights.

    **5.**    Hadsell identifies the underlying, fundamental constitutional issues in this case because thus far, with all due respect, this case seems to have frequently misplaced its focus on the minutia of federal statutes, IRS regulations, and hypothesized facts that do not apply, thereby missing the import of crucial words in the statutes and regulations, and also missing crucial aspects of the facts.

    **C.**    These fundamental principles, combined with the grounds and the arguments for this motion discussed *infra*, establish that manifest injustice will otherwise result unless the Court grants this motion to provide relief from the Court's Order filed 11/19/21 (Dkt 56, "**11/19/21 Order**").

    **D.**    With all due respect, this motion is brought on the grounds, and the arguments that:

        **i.**    In the Court's statutory analysis, it inadvertently failed:

            **1.**    to give meaning to all the words in the statutes; and

            **2.**    to note the full legal context/consequences of the undisputed facts it analyzed.

        **ii.**    As a result, the Court's analysis appears to inadvertently give rise to misinterpretations of the law that are clear legal errors resulting in a decision that is manifestly unjust.

**3.**    **Legal Standards**:

    **A.**    **Motion for Relief Under FRCP 60(b)**:

        **i.**    **Relief: from Clear Legal Errors and for Any Reason Justifying Relief**:

            **1.**    FRCP 60(b) states (emphasis added):

**(b) Grounds for Relief from a[n]… Order…** On motion and just terms, the court may relieve a

---

[4] A federal judge must take two oaths before s/he may execute his/her duties: i) the U.S.-Const.-art.-VI,-cl.-3 Oath that requires him/her, "[T]o support this Constitution…", and ii) the Judicial Oath that requires him/her to, "[A]dminister justice without respect to persons, and do equal right to the poor and to the rich, and… faithfully and impartially discharge and perform all the duties incumbent upon me… under the Constitution and laws of the United States.", 28 U.S.C. §453. Both oaths require every federal judge to use his/her powers to prohibit any violation of the U.S. Const.

party… from a[n] order… for the following reasons:
(1) ***mistake***, inadvertence, surprise, or excusable neglect;… or
(6) any other reason that justifies relief.

      **a.**    Mistake includes a court's error of law, *Kingvision Pay-Per-View v. Lake Alice Bar* (9th Cir. 1999) 168 F.3d 347, 350[5].

      **b.**    Relief is also provided due to ***any*** reason justifying relief.

    **ii.**    **FRCP 60(b)(1) Standard of Review**:

      **1.**    An FRCP 60(b)(1) motion is reviewed on an abuse of discretion standard, *Faile v. Upjohn Co.* (9th Cir. 1993) 988 F.2d 985, 986-987. If the mistake in question is one of law, and if the district court clearly erred on the law and refused to grant relief, then the district court abused its discretion, *Id.*

**4.**    **Statement of Facts**:

    **A.**    As the 11/19/21 Order states, "Except as otherwise noted, [the] facts are largely undisputed and are recited below:..", Dkt 56, 2:4-5.

    **B.**    The 11/19/21 Order didn't note any disputed facts.

    **C.**    Notwithstanding, the 11/19/21 Order states that a portion of an overpayment was refunded to Hadsell. Hadsell disputes that because he has not received any refund from the IRS.

    **D.**    Hadsell adds to the 11/19/21 Order's facts the undisputed, verified facts that:

      **i.**    not he, nor his ex-wife, nor any of his children, have ever received governmental financial aid, (see e.g., Dkt 41, 11:26-28);

      **ii.**    neither his ex-wife, nor any of his children have ever assigned any support payment to California, *Id.*, 12:1-3;

      **iii.**    spousal support has ceased, and his children have reached majority; therefore, no future support payments can be awarded to serve as an assignment to California, Dkt 57, 2:8-12; and

      **iv.**    even if any support payment were ever assigned to California, any such assignment would be limited to the "amount of assistance so paid" [42 U.S.C. §608(a)(3)] to Hadsell's family— which, undisputedly, is $0, Dkt 41, 11:26-28.

---

[5] Citing to *Liberty Mut. Ins. Co. v. EEOC* (9th Cir. 1982) 691 F.2d 438, 441 that states, "The law in [the 9th] circuit is that errors of law *are* cognizable under Rule 60(b).", (emphasis in the original).

**E.**   Exhibit 1, 10/18/21 IRS Letter, p. 23, is a true and accurate copy admissible as evidence pursuant to, inter alia, Fed. Rules Evid., rules 106, 401, 402, 803(15), 804(b)(3), 901, 1001, 1003, and/or 1007.

**F.   IRS Answer**:

**i.**   The 11/19/21 Order states (Dkt 56, 5:12-17; 6:1-5, color highlights added):

Mr. Hadsell argues that in its answer (Dkt. No. 36), the IRS admits to allegations in paragraph 12 and paragraph 14 of his complaint that the IRS accepted his credit elections and that the alleged wrongful acts were committed by IRS employees, as well [as] allegations concerning his claimed damages. *See* Dkt. No. 1, ¶¶ 12, 14.B.ii; Dkt. No. 41 at 9, 10. However, in the cited portions of its answer, the IRS admitted only that the acts listed in paragraph 12 of the complaint "related to [Mr. Hadsell's] *filing*" of income tax returns and related documents are accurate and that the complaint "contains allegations against IRS employees." Dkt. No. 36 at 2:15-16, 3:1 (emphasis added). The IRS otherwise denies that it applied the credit elections to Mr. Hadsell's 2017 income tax liabilities and denies that the alleged actions are improper. *Id.* at 2:15-17, 3:1-2. Thus, Mr. Hadsell's contentions regarding the scope and nature of the United States's purported admissions are not accurate.

**ii.**   With all due respect, the 11/19/21 Order appears not to have read IRS' Answer (Dkt 36) quite carefully enough, and therefore, errs when it concludes that, "Hadsell's contentions regarding the scope and nature of the United States's purported admissions are not accurate." (Dkt 56, 6:5-6) as follows:

**1.**   The entire ***context*** of Dkt 1, ¶12 is controlled by its first sentence because every subsequent word is a subparagraph of this ablative absolute opening sentence, "**12.** In chronological order, Hadsell: i) paid tax payments to the IRS, ii) made Credit Elections, and iii) the ***IRS accepted the Credit Elections*** as follows:" (emphasis, and color highlights added). This opening sentence, literally, lists three separate categories of ***acts***, ***all*** of which, ***are related*** to Hadsell's filing income tax returns and documents related to his tax returns; to wit: Hadsell: i) made tax payments (literally acts) ***related to*** his income tax filing, ii) he made Credit Elections (literally acts) in one of two ways: a) on his income tax form itself, ***related to*** his income tax filing, and b) in his letters to IRS in ***related documents***; and iii) IRS accepted (literally acts) Hadsell's Credit Elections, all of which were ***related to*** his income tax filing, and ***related documents***.

**a.**   An action is, "The process of doing something; conduct or behavior.", Black's Law Dictionary (11th ed. 2019). Paying taxes, making Credit Elections (defined at Dkt 41, 9:15-22), and accepting Credit Elections are all, "the process of doing something", or "conduct" related to

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's
Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)                                    Case No.:
20-cv-03512-VKD

1    Hadsell's filing his tax returns and corresponding with IRS via documents relating to his tax returns.

2            **b.**      Thus, IRS' statement, "Admits that the acts Plaintiff lists related to his filing of

3    income tax returns and related documents are accurate.", (Dkt 36, 2:15-16). Accurate means, "Of things,

4    without special reference to the evidence of care: Exact, precise, correct, nice; ***in exact conformity*** to a

5    standard or ***to truth***.", Oxford English Dictionary 1190 (2d ed., CD-ROM ver. 4.0) (emphasis added).

6    Thus, IRS, ***literally*** admits that every act listed in ¶12 is the truth. That is Hadsell's contention, and IRS

7    admits to Hadsell's contention in no uncertain terms.

8            **iii.**     IRS states, "Denies that the IRS ***applied*** the credit elections to Plaintiff's 2017 income

9    tax liabilities.", Dkt 36, 2:16-17 (emphasis added). That is exactly correct! But it completely misses the

10   point. IRS ***does not deny*** that IRS ***accepted*** Hadsell's Credit Elections. Indeed, in the preceding

11   sentence, IRS admitted just that! What IRS states here (perfectly consistent with its admission), is that

12   IRS failed ***to apply*** Hadsell's Credit Elections to his account. Indeed, that is exactly what it did. It

13   revoked Hadsell's Credit Election, after it accepted it—exactly as Hadsell contends. And importantly,

14   just as the 11/19/21 Order holds (Dkt 56, 7:23-28), once a Credit Election is accepted, it is binding, and

15   thus, IRS violates the law when it revokes Hadsell's Credit Elections.

16           **1.**      ***Accepting*** Credit Elections is a separate, and distinct action that is completely apart

17   from ***applying*** Credit Elections. Thus, with all due respect, the 11/19/21 Order inadvertently fails to

18   appreciate IRS' word games where IRS correctly admits that it failed to ***apply*** Hadsell's Credit

19   Elections, and also correctly admits that it ***accepted*** Hadsell's Credit Elections.

20   **5.     Argument**

21       **A.     This Motion Should Be Granted and the Attached Proposed Order That Grants**

22   **Hadsell's Motion for Summary Judgment Should Be Entered**

23     With all due respect, the 11/19/21 Order appears to commit clear legal error by: i) incorrectly

24   applying §6402(g); and ii) incorrectly analyzing the combined effects of the Credit Election laws.

25   Additionally, with perfect timing, IRS demonstrates the ongoing impact of allowing IRS to continue to

26   violate the law. Analyses of these issues are provided as follows:

27           **i.     The 11/19/21 Order Commits Clear Legal Error When It States That §6402(g)**

28   **Applies to This Case**

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's          Case No.:
Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)                                                           20-cv-03512-VKD

1.     The 11/19/21 Order states (emphasis added):

Insofar as [Hadsell]'s arguments essentially challenge the validity of offsets made under § 6402(c), his remedy is to raise such a challenge with the relevant agency, not the IRS. *See* 26 U.S.C. § 6402(g) ("No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction ***authorized*** by subsection (c)…

2.     With all due respect, that analysis is clear legal error for at least ==two reasons==.

3.     The error results because the 11/19/21 Order inadvertently reads the word "authorized" out of 26 U.S.C. §6402(g). As the 11/19/21 Order states (Dkt 56, 11:23-26), "'Such a result is one [courts] must avoid, as it is not within the judicial province to read out of the statute the requirement of its words.' [Citations]."

4.     The ==first== reason is: ***if***, provided first, any reduction ***is***, "***authorized*** by subsection (c)" [§6402(g)], ***then*** Hadsell's remedy would be limited to seeking relief from California.

    a.     Here, it is dispositive of this case that IRS is ***not authorized*** by §6402(c) to offset any of Hadsell's funds as follows:

        A)     The government's takings of money pursuant to §6402(c) were designed for use against "Dead-beat Dads"; therefore, the measures are Draconian (Dkt 41, 12:7-16). Because they are Draconian, there are ***significant safeguards*** that must be met ***before*** IRS is "authorized" to act; thereby, prohibiting infliction of such measures upon ***non***-Dead-beat Parents, such as Hadsell.

        i)     Here, §6402(c) requires that, "the Secretary has been notified by [California] in accordance with [42 U.S.C. §664]" of "past-due support owed by [Hadsell]…".

        ii)     Specifically, 42 U.S.C. §664(a)(1) ["***§664(a)(1)***"] requires, pursuant to 42 U.S.C. §608(a)(3) ["***§608(a)(3)***"], that (emphasis added):

[California]… ***shall require***, as a condition of paying assistance to a family under the State program funded under this part, that a member of the family assign to the State any right the family member may have (on behalf of the family member or of any other person for whom the family member has applied for or is receiving such assistance) to support from any other person, ***not exceeding the total amount of assistance so paid*** to the family…".

        iii)     As detailed in Dkt 41, 11:15-12:6, it's impossible for California:

            1)     to notify the Secretary of any valid, court-ordered, past-due support; or

            2)     to certify an amount of past-due support to which California is entitled; because

**3)** even if there were past-due support owed (which there is not), ***there is no assignment*** of any past-due support to California as ***required*** by §664(a)(1).

**iv)** This "assignment" is no minor detail. It's the entire legal basis for IRS' actions to offset Refund Funds (defined at Dkt 41, 9:15-18) because ***an assignment of past-due support to California can only occur*** if: i) California has paid benefits to Hadsell's family; ii) a Hadsell family member has assigned past-due payments to California; ***AND*** (not ***OR***) iii) Hadsell has valid, court-ordered, past-due support outstanding.

**v)** Not only does Hadsell ***not*** have any valid, court-ordered, past-due support (which is beyond the scope of these proceedings), but even if he did, what ***is*** within the requirements of federal law, and therefore ***is*** within the scope of these proceedings, is that it's indisputable that no benefits have ever been paid to Hadsell's family (Dkt 41, 12:1-3). Therefore, no assignment of past-due support ***has***, nor ***can it be***, assigned to California because: i) spousal support has ceased, and ii) all of Hadsell's children have reached their majority—thereby ending family support. But even if an assignment had been made, it would be limited to the "amount of assistance so paid" to Hadsell's family—which, undisputedly, is $0.

**vi)** Because it is impossible, under any circumstances, for IRS to be "authorized" to act pursuant to §6402(c), not only is §6402(g) inapplicable, but these facts, and these laws, are clearly dispositive of the case in Hadsell's favor.

**5.** The second reason is: even if IRS were somehow, ***theoretically*** "authorized" to act, as discussed *supra*, any IRS authority is limited to $0. Thus, ***for all practical purposes***, IRS' authority to act is equivalent to no action at all.

**a.** Again, this fact, and the law, are clearly dispositive of the case in Hadsell's favor.

**6.** Regarding California's failure to provide Notice and Certification, the 11/19/21 Order states, Dkt 56, 7:16-19:

> [A]lthough Mr. Hadsell contends that it is not his burden to prove a negative, he has not presented evidence showing that the State of California did not send a properly certified notice of overdue child support obligations to the United States; and, at the motion hearing, he acknowledged that he has not conducted discovery on this particular issue.

7.     First, the 11/19/21 Order states that there is no genuine dispute as to any material fact, thus, the only issue is whether Hadsell is entitled to judgment as a matter of law, Dkt 56, 6:20-22.

8.     Second, as discussed *supra*, Hadsell is entitled to judgment as a matter of law on at least two bases with evidence and argument he presented *supra*, and in his Motion for Summary Judgment (Dkt 41) where the existence of California's Notification and Certification are ***irrelevant*** because they are impossibilities.

     a.     Thus, with all due respect, the 11/19/21 Order is clear legal error because Hadsell did "present[] evidence showing that the State of California did not send a properly certified notice of overdue child support obligations to the United States…". Indeed, the 11/19/21 Order itself acknowledges this understanding, Dkt 56, 7:1-3.

9.     Third, the 11/19/21 Order is not quite accurate that Hadsell acknowledged he hasn't conducted discovery on California's Notification and Certification. He acknowledged that he hasn't conducted discovery on ***California***. He has conducted discovery on IRS pursuant to FRCP 26, and it failed to produce any Notification of Certification, or indeed, any admissible evidence on this, or any other matter.

### ii.     The 11/19/21 Order Commits Clear Legal Error In Its Analysis of Credit Election Law

1.     Hadsell apologizes because it appears he miscommunicated his analysis of the law as it applies to handling Credit Elections.

2.     As a result of Hadsell's miscommunication, it appears the 11/19/21 Order commits clear legal error in its analysis of the law as it applies to Credit Elections.

3.     It would be unfruitful and overly lengthy to quote from the 11/19/21 Order and then explain the differences. It will be clearer if Hadsell analyzes the issues solely with the facts and the law for this case instead of traveling down rabbit holes on hypotheticals.

4.     The biggest issue is one Hadsell tried to communicate before (e.g., Dkt 24, 6:19-20): in applying the law in this case, it is crucial that one bear in mind that there is a time sequence involved. This is especially helpful because using an actual event date makes applying the law a black and white issue in most circumstances. Either an issue applies, or it doesn't, based upon an event's date.

5.      Here, the central issue is whether Hadsell's $9,547 Credit Election Funds could be offset. Because, if not, then IRS can not erase it as a tax payment, and therefore, undisputedly, IRS accepted every subsequent payment as a Credit Election, which the 11/19/21 Order has ruled, are irrevocable, Dkt 56, 7:23-28.

6.      As discussed *supra*, the taking of Hadsell's $9,547 Credit Election Funds were not "authorized" in theory because the requirements of §6402(c) are impossible for IRS to meet, but even if it were authorized, IRS' authority was limited to $0 pursuant to §608(a)(3). However, that overarching, threshold issue is not the issue regarding the interplay among §§6402(a), 6402(b), 6513(b)(2), and 6513(d).

7.      Here, it is undisputed that Hadsell had an overpayment [§6402(a)] on his 2016 Tax Return, at 4/17/17, and he made a Credit Election of the same amount.

a.      The issues are whether: i) IRS accepted Hadsell's Credit Election, ii) Hadsell's Credit Election Funds became a tax payment on 4/16/18, or iii) IRS can delay its acceptance decision for up to three years.

A)      IRS Accepted Hadsell's Credit Election

i)      It is indisputable that for ***every*** case cited in these proceedings regarding Credit Elections, if IRS declined a taxpayer's Credit Election, it informed the taxpayer within 30-90 days after the taxpayer's income-tax-return filing date, Dkt 24, 13:9-10.

ii)      It is indisputable that interest is paid on refunds if the refund is not issued within 45 days of an overpayment, §§6611(a) and 6611(e)(1), Dkt 1, 22:13-24.

iii)      It is indisputable that IRS doesn't pay interest on Credit Election Funds, *Id*.

iv)      Here, IRS didn't inform Hadsell within 30-90 days that it declined his Credit Election. It ***indirectly*** informed him, over 448 days after his Credit Election, and 84 days after he filed his ***2017*** Tax Return, that IRS was offsetting his overpayment, *Id*.

v)      IRS paid no interest on Hadsell's overpayment, *Id*.

vi)      IRS has offered no admissible evidence on any issue, and indeed, as discussed *supra*, has admitted it accepted all of Hadsell's Credit Elections.

**vii)**   Therefore, under the preponderance of evidence standard, and IRS' admissions, Hadsell's Credit Elections were accepted by IRS.

**viii)**   As §§6402(a) and (b) provide, once a Credit Election is ***accepted***, the amount of the Credit Election is no longer an overpayment (viz., no longer subject to offsets), and becomes instead, a credit against estimated tax for the succeeding tax year (funds for which there is no provision providing IRS authority to offset them).

**1)**   This transformation from an overpayment to an estimated tax payment is ***not*** for the benefit of the taxpayer. It is for ***huge*** benefits provided to the government: i) billions of dollars interest-free; ii) penalties, late fees, and interest payments, and iii) 100% of credit election funds delivered to IRS, rather than creditors, in bankruptcy proceedings; Dkt 24, 13:25-15:4.

**B)**   Hadsell's Credit Election Funds Became Tax Payments on 4/16/18

**i)**   As §6513(b)(2) provides, Credit Election Funds become tax payments for the taxpayer's subsequent tax year no later than the filing date of the next year's return.

**ii)**   The 11/19/21 Order states that this plain language cannot apply to Credit Election Funds for two reasons: i) a taxpayer could avoid offsets merely by making a Credit Election, Dkt 56, 11:26-28; and ii) it would read out text from §6513(d), Dkt 56, 11:21-23.

**1)**   With all due respect, neither is true.

**iii)**   Avoid Offsets

**1)**   Only tax returns with a refund are subject to offset. The IRS can only issue a refund if a tax return is fully processed. As IRS states, "The IRS issues more than 9 out of 10 refunds in less than 21 days." after a tax return is filed, Internal Revenue Service, https://www.irs.gov/refunds/what-to-expect-for-refunds-this-year (last visited November 29, 2021).

**2)**   Thus, with actual data, IRS typically has 49 of the 52 weeks available pursuant to §6513(b)(2) in which to apply an "authorized" offset in over 90% of the refunds it processes. Therefore, making a Credit Election by no means results in a taxpayer automatically avoiding offsets.

**a)**   First, one must remember, those funds are irrevocable, so they don't go back to the taxpayer simply because they are not offset.

17

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's
Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)

Case No.:
20-cv-03512-VKD

**b)**      Second, if a taxpayer wants to avoid offsets, s/he need only not make tax payments in the first place.

**3)**      Read Out §6513(d) Text

**a)**      The 11/19/21 Order states, Dkt 56, 10:20-27:

> No one disputes that a taxpayer's reported overpayment is subject to an assessment, or that when a taxpayer files a return, the IRS has three years from the filing of the return to make an assessment. 26 U.S.C. § 6501(a). This is consistent with the United States's contention that language in § 6402(a) providing that "the Secretary, *within the applicable period of limitations*, may credit the amount of such overpayment," is commensurate with the three-year assessment period. *See* Dkt. No. 53 at 3, 4; *see also* Dkt. No. 54 at 6 ("As provided by Hadsell, the 'applicable period of limitations' refers solely to prohibit IRS from assessing a tax liability beyond the three-year statute of limitations period when IRS can assess a tax liability[.]").

**b)**      Because the 11/19/21 Order doesn't consider the sequence of events involved, with all due respect, it misconstrues Hadsell's meaning, and the holdings of *Brady v. United States* (D.Mass. 1927) 24 F.2d 205; *Lyeth v. Hoey* (2d Cir. 1940) 112 F.2d 4, 8 ("The [IRS'] right of recoupment or credit is precluded by statute and the [taxpayer] is entitled to recover the amount of his overpayment without abatement."); *Wood v. United States* (S.D.N.Y. 1953) 121 F.Supp. 769.

**c)**      When a ***tax assessment*** is applied, it is applied at a specific point in time. ___When___ it is applied, at that time, ***IRS must look backward*** and determine if the tax assessment is time barred because IRS cannot assess a tax beyond that specific tax's statute of limitations. Viz., simply because a taxpayer has a refund due at the current time of assessment, that current circumstance ___*does not*___ give IRS license to apply the ***current*** refund to a ***time-barred, historical*** tax that would not otherwise be collectible.

**d)**      Here, the 11/19/21 Order is using the time bar of §6501(a) to state that IRS ***can look forward*** for up to three years from the time of a Credit Election, but then when IRS looks backward for taxes paid, IRS can change the facts on the ground to suit its desires. With all due respect, that is clear legal error.

**e)**      Just as the IRS reaps the gargantuan benefits of prohibiting a taxpayer from changing the facts on the ground to his/her advantage with respect to Credit Elections when looking backward, so too, the IRS cannot do so.

**f)**      Although IRS has produced no admissible evidence, arguendo,

18

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)

Case No.:
20-cv-03512-VKD

Hadsell accepts IRS' allegation that it completed processing Hadsell's 2016 return on 7/31/17, Dkt 55, 4:5.

        **g)**     At 7/31/17, IRS had all the information it needed to accept or reject Hadsell's Credit Election. From 7/31/17 to 7/9/18 it did ***nothing***. Why? Because it accepted Hadsell's Credit Election and, therefore, ***IRS had nothing to do***.

        **h)**     Then, on 7/9/18, (well after 4/16/18) IRS decides it wants to change the facts on the ground. It wants to revoke its acceptance of Hadsell's Credit Election, and apply an offset.

        **i)**     As this Court has stated, 7/27/21 Transcript, 16:14-21 (changed from all caps for readability):

> It doesn't make sense to me that a taxpayer[,] who has an overpayment and has advised the United States that he wishes that overpayment to be applied as a credit on his next year's return[,] and has relied on that happening without any notice whatsoever from the government that it's not happening, can find out up to three years later that[,] in fact[,] the government has offset that credit election[,] or that overpayment[,] against the debt. That doesn't make any sense to me.

        **j)**     Well, Congress agrees that such a circumstance is nonsensical because it would be so highly disruptive (as it has been in this case). Therefore, Congress passed §6513(d) to merely create an outside time limit within which IRS must make a decision whether or not to accept a Credit Election.

        **k)**     More importantly, Congress wasn't being altruistic to taxpayers. If IRS could wait for up to three years to decide, the government would lose the gargantuan benefits discussed *supra* whereby the law prohibits both the taxpayer and IRS from changing the facts on the ground when IRS looks backwards in time to apply tax assessments and tax payments. This process doesn't read out the text of §6402(b). It merely restricts the timeframe, for reasons that this Court, and Congress, recognize are essential practicalities. In fact, it is the 11/19/21 Order's analysis that reads out text. Under the 11/19/21 Order's reading, there is ***never*** a time in which "the taxpayer" is afforded an opportunity to determine, "the amount… to be an overpayment" to be used as a tax payment for the subsequent year. That's because under the 11/19/21 Order's analysis, the decision can only ever rest with IRS since there is no triggering event where the taxpayer determines matters, as §6402(b) provides.

19

**l)**      For this case, what occurred is that IRS alleges that it failed to act to accept Hadsell's Credit Election for: i) well over a year after Hadsell's Credit Election, and ii) until just a few days short of a full year after it had processed Hadsell's return. As it is designed to do, §6513(d) cut short IRS' dalliance by implementing §6402(b) whereby Hadsell made the decision rather than IRS. Thus, when IRS looked backward, it had to accept that Hadsell's Credit Election was now a tax payment as of 4/16/18. No one disputes that tax payments are not eligible for offsets. Therefore, IRS violated the law because IRS acted too late, and even if it had acted timely, its actions were absent any authority.

**B.      IRS Is At It Again—It Must Be Stopped**

**i.**      In a letter dated 10/18/21 (see "**Exhibit 1**", "**10/18/21 IRS Letter**", p. 23,), IRS is at it again.

**ii.**      Again, pursuant to §6402(c) (see yellow highlight, p. 24), IRS has illegally taken funds from Hadsell.

**iii.**      Because Hadsell's 2019, and 2020, tax returns were losses, with no refund or credit election involved, Hadsell believes IRS is taking his COVID stimulus payment.

**iv.**      Regardless, as discussed *supra*, because there is no circumstance now, or in the future, in which IRS can take funds from Hadsell pursuant to §6402(c), this is an illegal taking—exactly the reason why Hadsell is seeking a permanent injunction.

**v.**      To the extent the Court denies Hadsell's injunction request, or doesn't make the injunction date effective as of the date he filed his complaint, because this claim arises due to the exact same reasons and circumstances giving rise to Hadsell's claims in this action, Hadsell requests leave to amend his complaint to include this claim.

**6.      Conclusion:**

**A.**      No one can legitimately dispute that what happened here is that California's computers and the federal government's computers [just as described in the *Reich v. Collins* (1994) 513 U.S. 106 oral argument (Dkt 41, 13:5-9)] are programmed to violate the law. That is wrong. But when pointed out, the Executive Branch refuses to fix it. Therefore, Hadsell calls upon the Court (in compliance with the law, and based upon the Court's constitutional check and balances power) to rein in this unconstitutional government action and put a halt to this Kafkaesque madness.

20

1   **B.**     Failure to grant this motion to provide relief from the Court's Order (Dkt 56) Denying

2   Plaintiff's Motion for Summary Judgment (Dkt 24) would result in manifest injustice.

3      For these reasons, and the facts, law, and argument provided *supra*, Hadsell requests that the Court

4   grant this motion.

5      Dated: December 6, 2021                                Respectfully submitted,

6                                                            _____

7   [Rest of this page intentionally left blank.]            Christopher Hadsell, Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's          Case No.:
Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)                                                            20-cv-03512-VKD

# Exhibit 1
# 10/18/21 IRS Letter

**U.S. Department of the Treasury**
**Bureau of the Fiscal Service**
P.O. Box 1686
Birmingham, AL 35201-1686



### PLEASE RETAIN FOR YOUR RECORDS

10/18/21

      CHRISTOPHER J HADSELL
9000 CROW CANYON RD STE S # 399
DANVILLE, CA  94506-1175

### What Happened to My Payment?

The U.S. Department of the Treasury, Bureau of the Fiscal Service (Fiscal Service), applied all or part of your payment to delinquent debt that you owe. This action is authorized by federal law. Below is your payment information:

Payment From: Internal Revenue Service
Payee Name: CHRISTOPHER J HADSELL                    Payment Date: 10/18/21
Original Payment: $1217.38                                         Payment Type: CHECK

### Who Do I Owe?



We applied your payment to debt that you owe to the following agency:

DEPARTMENT OF CHILD SUPPORT SERVICE    TOP Trace Number: ███████████
50 DOUGLAS DR STE 100                                       Account #: ███████████
MARTINEZ CA 94553-8500                             Applied To This Debt: $1217.38
                                                                   Type of Debt: Child Support

(866) 901-3212

Please see additional pages for other debts, if any.

### What Should I Do?

If you agree that you owe the debt, you do not need to do anything. Your debt balance has been reduced. If you believe that your payment was applied in error, you would like to resolve your debt, or you have questions about your debt or outstanding balance, contact the agency listed under **Who Do I Owe**. Please have this notice available when you contact the agency.

Only the agency listed under **Who Do I Owe** has information about your debt. Before sending a debt to Fiscal Service, an agency must send notice to you at the address in its records. The notice explains the amount and type of debt you owe, the rights available to you, and the agency's intention to collect the debt by applying eligible federal payments made to you.

For questions about your debt, please call the agency listed under **Who Do I Owe**. If you have questions about the Treasury Offset Program, please visit our website at www.fiscal.treasury.gov/TOP or call 1-800-304-3107.

FOR OFFICIAL USE ONLY: RL09/21

███████████████████████████

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's          Case No.:
Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)                                                                 20-cv-03512-VKD

**FOR JOINT TAX REFUND OFFSETS ONLY:**

Tax refunds may be offset per 26 U.S.C. Section 6402( c-f ) of the Internal Revenue Code.

If you filed a joint return and only one spouse is responsible for the debt, the spouse who is not responsible for the debt, the "injured spouse," may be entitled to his or her share of the joint refund if he or she had income, withholdings, estimated tax payments, or refundable credits. If both you and your spouse were offset for separate debts, one of you may be entitled to have more of the overpayment applied to his or her debt and/or refund.

If you lived in a community property state during the tax year, the injured spouse may be entitled to his or her share of the joint refund if he or she did not have any income, withholdings, estimated tax payments, or refundable credits. The community property states are: Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas, Washington, and Wisconsin.

The injured spouse must complete IRS Form 8379, "Injured Spouse Claim and Allocation," to get his or her share of the refund. Call the IRS at 1-800-829-3676 to request forms. If you have questions about Form 8379 or need help completing it, please call your local IRS office or 1-800-829-1040.

**MAIL THE FORM TO THE SAME IRS OFFICE WHERE YOU MAILED YOUR ORIGINAL TAX RETURN. ALLOW THE IRS 8 WEEKS TO PROCESS THE FORM.**

Christopher Hadsell
9000 Crow Canyon Rd., S-399
Danville, CA 94506
Email: CJHadsellLaw@gmail.com
Tel: (925) 482-6502

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Christopher Hadsell, | Case No.:   20-cv-03512-VKD |
|    Plaintiff, | **DECLARATION OF HADSELL IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE COURT'S ORDER (DKT 56) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT 24) UNDER FRCP 60(b)** |
| vs. | |
| United States of America, the Department of Treasury by its agency, the Internal Revenue Service | |
|    Defendant. | |

I, CHRISTOPHER HADSELL, ("**Hadsell**") declare that I am over the age of 18 and I am the Plaintiff in this matter. I offer my declaration in lieu of personal testimony pursuant to 28 U.S.C. §1746. If called upon to testify, I would do so of my own knowledge as to the following:

    **1.**    This declaration is submitted in support of the Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's Motion for Summary Judgment (Dkt 24) Under FRCP 60(b) ["Ntc & MOT Per FRCP 60(b)"].

    **2.**    The facts provided in the Ntc & MOT Per FRCP 60(b), ¶4 (which are incorporated by reference as though fully set forth herein) are within my personal knowledge as a party to this matter.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on December 6, 2021.

_Christopher Hadsell_
Christopher Hadsell, Plaintiff

25
Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying
Plaintiff's Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)
Case No.:
20-cv-03512-VKD

Christopher Hadsell
Plaintiff
9000 Crow Canyon Rd., S-399
Danville, CA 94506
Email: CJHadsellLaw@gmail.com
Tel: (925) 482-6502

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Hadsell, | Case No.:   20-cv-03512-VKD |
| Plaintiff, | **[PROPOSED] ORDER PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE COURT'S ORDER (DKT 56) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT 24) UNDER FRCP 60(b)** |
| vs. | |
| United States of America, the Department of Treasury by its agency, the Internal Revenue Service | |
| Defendants. | |

[Rest of this page intentionally left blank.]

26

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying Plaintiff's Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)          Case No.: 20-cv-03512-VKD

1    On the motion (Dkt 62) of Plaintiff, Christopher Hadsell ("**Hadsell**") notice of which was served and

2  filed, and heard, and on the evidence and affidavits presented to the Court and on the records, files, and

3  proceedings in the above-entitled cause, it appears to the Court that the judgment as previously entered

4  in the action (Order Denying Plaintiff's Motion for Summary Judgment, Dkt 56) requires alteration to

5  correctly state the judgment of the Court.

6    Accordingly, the judgment and the record shall be, and they are, amended in the following respects:

7    The Plaintiff's Motion for Summary Judgment (Dkt 41) is **GRANTED** thereby resulting in entering

8  the Proposed Order from Plaintiff's Motion for Summary Judgment to replace in its entirety the Court's

9  Order entered 11/19/21 (Dkt 56).

10    It is further ordered that the clerk make on the original record a marginal reference to this order and

11  the replacement in its entirety of the Court's Order entered 11/19/21 (Dkt 56).

12  **IT IS SO ORDERED**.

13

14

15  Dated:  _____    _____

16                                                          Hon. Virginia K. DeMarchi
                                                             United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Notice of Motion and Motion for Relief from the Court's Order (Dkt 56) Denying          Case No.:
Plaintiff's Motion for Summary Judgment (Dkt 24) Under FRCP 60(b)                                                  20-cv-03512-VKD