UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER HADSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, THE DEPARTMENT OF TREASURY BY ITS AGENCY, THE INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No. 20-cv-03512-VKD<br><br>**ORDER DENYING PLAINTIFF'S RULE 60 MOTION FOR RELIEF**<br><br>Re: Dkt. No. 63 |

On November 19, 2021, the Court issued an order denying Mr. Hadsell's motion for summary judgment. Dkt. No. 56. On November 30, 2021, Mr. Hadsell filed a motion pursuant to Rule 59(e) to alter, amend, or vacate the November 19, 2021 order. Dkt. No. 60. On December 2, 2021, the Court denied that motion, stating that Rule 59(e) is not the proper vehicle for seeking reconsideration of a pre-judgment order. Dkt. No. 61. To the extent he believes he has grounds to do so, Mr. Hadsell was directed to file a motion for leave to file a motion for reconsideration that complies with Civil Local Rule 7-9. Dkt. No. 61.

Instead of complying with the Court's December 2 order, Mr. Hadsell proceeded to file another noticed motion for reconsideration of the order denying his motion for summary judgment. Dkt. No. 63. This time, Mr. Hadsell purports to base his motion on Rule 60(b). While he states that his motion would have been based on Civil Local Rule 7-9(b)(3) (addressing "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order"), he argues that Civil Local Rule 7-9 "fail[s] to provide grounds for his motion" and that Rule 60(b) "avoids these issues." Dkt. No. 63

at 2, 8. For the reasons stated below, Mr. Hadsell's Rule 60(b) motion is denied.

Under Rule 60(b) a court may relieve a party from a "*final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added); *see also* Fed. R. Civ. P. 60 advisory committee's note to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). Rule 60 does not apply to "judgments, orders, or proceedings that are not final decisions[.]" *Meas v. City & Cnty. of San Francisco*, 681 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010); *see also generally United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (" Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders[.]").

The Court's November 19, 2021 order denying Mr. Hadsell's motion for summary judgment is not a final order and does not resolve any issues in this case with finality. Rule 60 therefore does not apply. *See, e.g., Gauntlett v. Illinois Union Ins. Co.*, No. 5:11-cv-00455 EJD, 2012 WL 4051218, at *7 (N.D. Cal. Sept. 13, 2012) (concluding that Rule 60(b) does not apply to an order denying summary judgment). To the extent Mr. Hadsell contends that *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897 (9th Cir. 2004) provides an exception, he is incorrect. That decision concerns the Ninth Circuit's jurisdiction to review an order denying summary judgment, notwithstanding that the district court subsequently conducted a full trial on the merits. *See Banuelos*, 382 F.3d at 902 (stating that "generally this court will not review a denial of a summary judgment motion after a full trial on the merits. . . . This general rule, however, does not apply to those denials of summary judgment motions where the district court made an error of law that, if not made, would have required the district court to grant the motion."). Mr. Hadsell's other cited authority is similarly unpersuasive in that it concerns motions to amend judgments. *See, e.g., Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347 (9th Cir. 1999) (concerning Rule 60(b) motion to amend a judgment); *Liberty Mut. Ins. Co. v. E.E.O.C.,* 691 F.2d 438 (9th Cir. 1982) (same).

As noted in this Court's prior order, "[i]n this judicial district, Civil Local Rule 7-9

1  provides a procedure whereby a litigant dissatisfied with an interlocutory ruling may seek leave to
2  file a motion for reconsideration in this court." *Meas*, 681 F. Supp. 2d at 1143.  Pursuant to that
3  rule, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to
4  file the motion."  Civil L.R. 7-9(a).  Mr. Hadsell's present motion for reconsideration was filed
5  without leave of court and is denied as procedurally improper.  Additionally, a party requesting
6  reconsideration "must specifically show . . . the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).  Although the Court's December 2, 2021 order expressly noted the prohibition against the repetition of argument, *see* Dkt. No. 61 (quoting Civil L.R. 7-9(c)), Mr. Hadsell's present motion repeats arguments made in connection with his underlying motion for summary judgment.  *See, e.g.,* Dkt. No. 63 at 10-11, 13-15, 20.  Moreover, Mr. Hadsell's present motion states his disagreement with the Court's ruling but fails to point to any dispositive facts or issues, presented to the Court before the issuance of the November 19, 2021 order, that the Court failed to consider.  Finally, to the extent Mr. Hadsell's present motion makes new arguments not presented in connection with his motion for summary judgment, he does not identify any new material facts or changes in the law after the Court's ruling that would warrant reconsideration of the decision.

///
///
///
///

Accordingly, Mr. Hadsell's Rule 60(b) motion is denied.

**IT IS SO ORDERED.**

Dated: December 13, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge