UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER HADSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, THE DEPARTMENT OF TREASURY BY ITS AGENCY, THE INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No.  20-cv-03512-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 55 |

Plaintiff Christopher Hadsell claims that he made valid credit elections to have overpayments of his personal income taxes applied to the following year's tax liability, but the Internal Revenue Service ("IRS") improperly treated his credit elections as refunds subject to offset. The United States now moves for summary judgment on the sole remaining claim under 26 U.S.C. § 7433,[1] arguing that this Court lacks jurisdiction over Mr. Hadsell's claim and that the offsets in question did not, in any event, violate that statute or any related regulations. Mr. Hadsell opposes the motion. Upon consideration of the moving and responding papers,[2] as well as the oral arguments presented, the Court concludes that it lacks jurisdiction over Mr. Hadsell's § 7433 claim and therefore grants the United States's motion for summary judgment.[3]

---

[1] The Court granted the United States's prior motion to dismiss Mr. Hadsell's claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, for lack of subject matter jurisdiction.  Dkt. Nos. 22, 35.

[2] The Court addresses Mr. Hadsell's evidentiary objections only as necessary to the discussion below.

[3] All parties have expressly consented that all proceedings in this matter may be heard and finally

## I. BACKGROUND

The pertinent facts are essentially the same as those presented on the United States's prior motion to dismiss and Mr. Hadsell's prior motion for summary judgment. Except as otherwise noted, those facts are largely undisputed and are recited below:

Mr. Hadsell timely filed an income tax return for the tax year 2016 and reported an overpayment of $9,547, as to which he made a credit election and directed the IRS to apply it to his tax liability for the 2017 tax year. *See* Dkt. No. 1 at 15, 19;[4] Dkt. No. 41 at 9, 59; Dkt. No. 55 at 3.[5] Mr. Hadsell says that the IRS did not notify him until July 9, 2018 that it did not apply the credit election made in his 2016 tax return and instead treated his overpayment as a refund subject to offset.[6] Dkt. No. 1 at 22, 40; *see also* Dkt. No. 41 at 22. Mr. Hadsell says that this notice came well over a year after he filed his 2016 tax return and months after he contends that his $9,547 credit election should have been deemed paid against his 2017 tax liabilities. Dkt. No. 1 at 15; Dkt. No. 41 at 22.

Further, Mr. Hadsell alleges that by the time the IRS notified him that it had not applied his $9,547 credit election, he had already filed his 2017 tax return. Dkt. No. 1 at 120; Dkt. No. 41 at 22. In preparing his 2017 tax return, Mr. Hadsell says he included the $9,547 credit against his 2017 tax liabilities. Dkt. No. 1 at 15; Dkt. No. 41 at 44, 48. Additionally, Mr. Hadsell says that he uses a tax preparation software program to calculate his taxes and was surprised to find that the program indicated he owed $2,448 under the Patient Protection and Affordable Care Act ("ACA"). Dkt. No. 1 at 23; Dkt. No. 41 at 51. Although he believed no such tax was owed for

---

adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 5, 15.

[4] Mr. Hadsell previously submitted a declaration with respect to certain matters asserted in his complaint. Dkt. No. 4.

[5] All pin citations refer to the ECF page number that appears in the header of the cited document.

[6] The IRS contends it provided Mr. Hadsell with notice in July 2017 that it was unable to apply his credit election to a future tax year, as he requested. *See* Dkt. No. 55 at 2. While the IRS refers to a notation in Mr. Hadsell's file regarding that notice (Dkt. No. 55-1 ¶ 14, Ex. A), the IRS acknowledges it has been unable to locate the underlying record reflecting notice. *See* Dkt. No. 59 at 4; Dkt. No. 75 at 6:18-7:7. For purposes of resolving the present motion for summary judgment, the Court assumes that Mr. Hadsell did not receive notice until July 9, 2018.

1   the year 2017, Mr. Hadsell claims that he nonetheless erred on the side of caution in favor of
2   overpaying, rather than underpaying, his taxes and therefore paid the $2,448 healthcare tax. Dkt.
3   No. 1 at 23; Dkt. No. 44 at 51-52. Even so, Mr. Hadsell says that he subsequently received a July
4   16, 2018 notice from the IRS advising that he owed $2,448 in healthcare tax for that same year.
5   Dkt. No. 1 at 23, 47; Dkt. No. 41 at 52. Mr. Hadsell further alleges that on August 6, 2018, he
6   responded to the IRS by disputing that he owed $2,448, but "in keeping with his erring on the side
7   of caution, he voluntarily paid" the $2,448, with a request that the IRS correct the issue and apply
8   the enclosed payment toward his tax liabilities for the year 2018. Dkt. No. 1 at 23, 51-52; Dkt.
9   No. 41 at 52. Records appended to the complaint indicate that the IRS subsequently determined
10  that Mr. Hadsell had overpaid $2,448, but diverted a portion of that sum to "an amount owed for
11  2017" and refunded the remainder to Mr. Hadsell. Dkt. No. 1 at 24, 95, 97.
12       Mr. Hadsell contends that any deficiencies in his 2017 and 2018 tax returns are the result
13  of the IRS's failure to honor his 2016 credit election and his August 6, 2018 letter conditioning his
14  $2,448 healthcare tax payment on application of that sum to his 2018 tax liabilities. *See* Dkt. No.
15  1 at 24. Asserting that IRS's failure to apply his credit elections violates 26 U.S.C. § 7433, Mr.
16  Hadsell seeks $13,253.13 in damages, plus interest, fees and costs. The United States maintains
17  that the subject offsets were mandated by 26 U.S.C. § 6402(c) for past-due child support
18  payments.
19       The United States now moves for summary judgment, principally arguing that the Court
20  lacks subject matter jurisdiction over Mr. Hadsell's § 7433 claim because the conduct at issue
21  does not concern "the collection of Federal tax." For the reasons discussed below, the Court
22  agrees that it lacks subject matter jurisdiction and the United States is entitled to judgment as a
23  matter of law.

24  **II.   LEGAL STANDARD**
25       A motion for summary judgment should be granted if there is no genuine issue of material
26  fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);
27  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial
28  burden of informing the court of the basis for the motion, and identifying portions of the

pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets his initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See id.* A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.*

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a sovereign, the United States "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'") (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Where the United States has not consented to suit, the action must be dismissed because such consent is necessary for jurisdiction. *Dunn & Black, P.S.*, 492 F.3d at 1088. "To confer subject matter jurisdiction in an action against a sovereign, in

4

addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). As the party asserting federal subject matter jurisdiction, Mr. Hadsell bears the burden of establishing its existence. *Kokkonen*, 511 U.S. at 377.

Congress enacted a limited waiver of the United States's sovereign immunity in 26 U.S.C. § 7433, which allows a taxpayer to bring a civil action to recover damages as follows:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). In cases involving the government's sovereign immunity, "the statute in question must be strictly construed in favor of the sovereign and may not be enlarged beyond the waiver its language expressly requires." *Miller v. United States*, 66 F.3d 220, 222 (9th Cir. 1995). Claims under § 7433 are strictly limited to conduct in connection with the collection of federal taxes. A taxpayer cannot seek damages under § 7433 for the improper assessment or determination of tax liability. *Id*. at 223; *accord Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994) ("Therefore, based upon the plain language of the statute, which is clearly supported by the statute's legislative history, a taxpayer cannot seek damages under § 7433 for an improper assessment of taxes."); *Gonsalves v. Internal Revenue Serv.*, 975 F.2d 13, 16 (1st Cir. 1992) ("The legislative history of Section 7433 tells us that an action under this provision may not be based on alleged . . . disregard in connection with the determination of tax.") (internal quotations and citation omitted); *see also Buaiz v. United States*, 471 F.Supp.2d 129, 136 (D.D.C. 2007) (concluding that "§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes. Claims that the IRS has incorrectly determined the amount of taxes owed, or that IRS agents acted improperly in the course of investigating a taxpayer, fall outside the limited waiver of sovereign immunity contained in § 7433.").

Mr. Hadsell's § 7433 claim is based on offsets made for past-due child support obligations

and the IRS's determination that he owed additional taxes under the ACA. The United States principally argues that Mr. Hadsell's claim falls outside the waiver of sovereign immunity under § 7433 because the challenged conduct did not occur in connection with any collection of federal taxes. For the reasons discussed below, the Court agrees.

### A. Offsets Under § 6402(c)

The IRS's authority to credit or refund any overpayments of tax are subject to offset for certain types of tax and non-tax obligations. *See* 26 U.S.C. § 6402(a). To comply with these requirements, the Secretary of the Treasury has established the Treasury Offset Program ("TOP"), a centralized offset program administered by the Bureau of the Fiscal Service ("BFS"). *See* 31 C.F.R. §§ 285.1-285.8. Relevant to the discussion here, § 6402(c) requires the Department of the Treasury to apply an individual's overpayment to the amount of any past-due support:

> **(c) Offset of past-due support against overpayments**.—The amount of any overpayment to be refunded to the person making the overpayment shall be reduced by the amount of any past-due support (as defined in section 464(c) of the Social Security Act) owed by that person of which the Secretary has been notified by a State in accordance with section 464 of such Act. The Secretary shall remit the amount by which the overpayment is so reduced to the State collecting such support and notify the person making the overpayment that so much of the overpayment as was necessary to satisfy his obligation for past-due support has been paid to the State. The Secretary shall apply a reduction under this subsection first to an amount certified by the State as past due support under section 464 of the Social Security Act before any other reductions allowed by law. This subsection shall be applied to an overpayment prior to its being credited to a person's future liability for an internal revenue tax.

26 U.S.C. § 6402(c).

In the present matter, there is no dispute that at least a portion of Mr. Hadsell's overpayment for the 2016 tax year was sent to the California Department of Child Support Services to pay past-due child support obligations. *See, e.g.,* Dkt. No. 1 at 37-38; Dkt. No. 55-2 ¶ 5, Exs. A, B.[7] The United States presents evidence that those offsets were made through the

---

[7] To the extent Mr. Hadsell objects to the declaration of Ashleigh Edmonds based on hearsay and lack of foundation, those objections are overruled. Fed. R. Evid. 602, 701, 803(6). Although Mr. Hadsell argues that documents appended to the Edmonds declaration were not timely provided (Dkt. No. 57 at 6-7), defense counsel avers that the documents were produced to Mr. Hadsell by

6

1   TOP, pursuant to a notice originally sent in 2013 by the State of California to the Department of

2   Health and Human Service ("HHS") of a past-due child support obligation. Dkt. No. Dkt. No. 55-

3   2 ¶ 5, Exs. A, B; Dkt. No. 55-3 ¶¶ 6-8; Dkt. No. 55-4 & Ex. 1.[8] The United States argues that such

4   offsets are required by § 6402(c) and that pursuant to § 6402(g) "[n]o court of the United States

5   shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review"

6   such reductions to a taxpayer's overpayment.

7   While he does not dispute the statutory bases for the collection of past-due support

8   obligations under § 6402, Mr. Hadsell nonetheless maintains that the jurisdictional bar under

9   § 6402(g) presupposes offsets that are "authorized." *See* 26 U.S.C. § 6402(g) ("No court of the

10  United States shall have jurisdiction to hear any action, whether legal or equitable, brought to

11  restrain or review a reduction authorized by subsection (c), (d), (e), or (f)."). He argues that the

12  offsets at issue here were not authorized because the State of California could not have validly

13  certified any past-due child support in the first place. Here, Mr. Hadsell denies that there are any

14  outstanding past-due support payments; and even if there were, he contends that there has not

15  been, and could not be, any assignment of such payments to the State California as required by 42

16  U.S.C. §664(a)(1). *See* Dkt. No. 57 at 1-2.

17  As stated in its order on the United States's prior motion to dismiss (Dkt. No. 22 at 7), the

18  Court agrees that § 6402(g) bars this Court's review of offsets made pursuant to the statute,

19  including for past-due child support payments under § 6402(c). The United States has presented

20  evidence indicating that it received notice from the State of California regarding past-due child

21  support obligations regarding Mr. Hadsell. *See, e.g.,* Dkt. No. 55-2 ¶ 5, Exs. A, B; Dkt. No. 55-3

22  ¶¶ 6-8; Dkt. No. 55-4 & Ex. 1. While Mr. Hadsell vigorously disputes the validity of any such

23  debt, neither the statute nor the implementing regulation requires the IRS or any other federal

---

August 13, 2021, within the time period set by the Court for fact discovery. Dkt. No. 59-1 ¶¶ 2-4; *see also* Dkt. No. 40 (scheduling order).

[8] To the extent Mr. Hadsell objects to the declarations of Scott Hale and Joella Parra based on hearsay and lack of foundation, those objections are overruled. Fed. R. Evid. 602, 701, 803(6). Mr. Hadsell's objection based on the best evidence rule is overruled as Exhibit 1 to Ms. Parra's declaration. Fed. R. Evid. 1003.

agency to investigate the merits of a state's certification. Rather, to the extent Mr. Hadsell disputes the offsets for past-due child support, § 6402(g) indicates that his remedy is to raise a challenge with the State of California, not the IRS. *See* 26 U.S.C. § 6402(g) ("This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid or any such action against the Commissioner of Social Security which is otherwise available with respect to recoveries of overpayments of benefits under section 204 of the Social Security Act."); *Ivy v. Comm'r of the Internal Revenue Serv.*, 197 F. Supp. 3d 139, 143 (D.D.C. 2016), *aff'd* 877 F.3d 1048 (D.C. Cir. 2017) (stating that for offsets made to pay outstanding student loan debts, the "plaintiff's remedy was to challenge the Department of Education's action, not that of the IRS.").

Even assuming, without deciding, that Mr. Hadsell is correct that the State of California had no basis to certify any past-due child support to the federal government, the United States argues persuasively that, insofar as child support payments are non-tax debts, the application of an overpayment to a non-tax debt does not give rise to a claim under § 7433 for damages "in connection with any collection of Federal tax[.]" *See Ivy*, 197 F. Supp. 3d at 142 (stating that "§ 7433 pertains to tax collection, and there is no allegation in the complaint that the IRS was collecting unpaid taxes from the plaintiff" when it made an offset for outstanding student loan debt). Mr. Hadsell cites no authority that offsetting a tax overpayment against an improperly certified non-tax debt is conduct "in connection with any collection of Federal tax" within the ambit of § 7433. *Osijo v. Weiner*, No. CV 98-1880 CAS (BQR), 1999 WL 221840 (C.D. Cal. Feb. 24, 1999), on which he relies, does not compel a contrary conclusion.[9] While *Osijo* characterized the offsets at issue in that case as "collection activities," those offsets apparently were made to collect the plaintiff's federal tax liabilities. *See* 1999 WL 221840, at *5. Nothing in *Osijo* suggests that all offsets properly are deemed tax collection activities for purposes of § 7433's waiver of sovereign immunity.

---

[9] Although Mr. Hadsell did not address this particular issue in his opposition papers, he subsequently offered arguments concerning the Court's jurisdiction over his § 7433 claim in a separate filing. *See* Dkt. No. 66 at 7.

8

The Court concludes that Mr. Hadsell's claim challenging the offsets made pursuant to § 6402(c) do not fall within the scope of § 7433. The United States's motion for summary judgment as to that issue is granted.[10]

### B.   Timing of the Offsets

Mr. Hadsell does not appear to oppose the United States's summary judgment motion based on the timing of the offsets in question.[11] Even if the Court were to treat Mr. Hadsell's § 7433 claim as one based on the assertion that the offsets were untimely, that would not change the Court's conclusion that the claim is not one that arises "in connection with any collection of Federal tax."

### C.   ACA Tax Payments

Mr. Hadsell's § 7433 claim based on the IRS's determination that he owed additional taxes under the ACA similarly fails. As noted in the discussion of background facts (Section I, above), there is no dispute that the IRS notified Mr. Hadsell in July 2018 of its determination that he owed additional taxes under the ACA. Although Mr. Hadsell did not believe he owed such taxes, he elected to err on the side of caution by paying the additional taxes in August 2018. The IRS later determined that he had, in fact, overpaid those taxes. Dkt. No. 1 at 23, 24, 47, 51-52, 95, 97; Dkt. No. 41 at 52.

As discussed above, a taxpayer cannot seek damages under § 7433 for the improper determination of tax liability. *Miller,* 66 F.3d at 223; *Shaw*, 20 F.3d at 184; *Gonsalves,* 975 F.2d at 16; *Buaiz,* 471 F.Supp.2d at 136. Moreover, courts have distinguished between enforced

---

[10] At the motion hearing, Mr. Hadsell argued that in its order on the United States's motion to dismiss (Dkt. No. 22), the Court concluded that his claim was barred under the FTCA because it "involved collection." Dkt. No. 75 at 12:17-18. However, the FTCA exemption in 28 U.S.C. § 2680(c) is broader than the waiver of sovereign immunity under 26 U.S.C. § 7433 and bars "[a]ny claim arising in respect of the *assessment or collection* of any tax." 26 U.S.C. § 2680(c) (emphasis added). The Court concluded that Mr. Hadsell's FTCA claim was barred by 28 U.S.C. § 2680(c) because his alleged injury "arises out of the operation of the IRS's mechanism for *assessing and collecting* taxes." Dkt. No. 22 at 11 (emphasis added). For the reasons discussed above, the offsets at issue concern the assessment or determination of taxes and therefore are within the scope of 28 U.S.C. § 2680(c), but outside the scope of 26 U.S.C. § 7433.

[11] The Court addressed the issue of timing in its order denying Mr. Hadsell's motion for summary judgment. *See* Dkt. No. 56 at 7-12.

collection actions and voluntary taxpayer payments, with the latter falling outside § 7433's waiver of sovereign immunity. "Before resort may be had to actual collection procedures regarding a tax determined by the IRS to be owing, the IRS must issue a statutory notice of deficiency pursuant to 26 U.S.C. § 6212." *V-1 Oil Co. v. United States*, 813 F. Supp. 730, 731 (D. Idaho 1992). "Once issued, the taxpayer has 90 days within which to file a petition with the tax court for a redetermination of the deficiency, and, pursuant to 26 U.S.C. § 6213(a), no levy or proceeding in court for the collection of the tax may be initiated until the expiration of this 90 day period." *Id*. Here, Mr. Hadsell voluntarily paid the additional ACA tax the month after receiving notice of the IRS's determination that he owed such taxes and prior to the expiration of any statutory stay of collection period, any levy, and any collection attempt. Accordingly, the Court concludes that Mr. Hadsell's claim regarding the ACA tax relates to voluntary payments rather than any forced collection activity, and therefore does not fall within the ambit of § 7433. *See id*. at 731-32 (concluding that where the taxpayer's voluntary payment "was made during the period wherein [the taxpayer] had a statutory right to have the tax deficiency redetermined in the tax court, . . . this payment was made during the determination phase of the deficiency taxation process, not during the collection phase.").

The United States's motion for summary judgment is granted as to Mr. Hadsell's claim based on the ACA tax payments.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that it lacks subject matter jurisdiction over Mr. Hadsell's § 7433 claim and therefore grants defendant's motion for summary judgment. The Clerk of Court shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: February 25, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge