UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER HADSELL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, THE DEPARTMENT OF TREASURY BY ITS AGENCY, THE INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No. 20-cv-03512-VKD<br><br>**ORDER DENYING MOTION TO ALTER, AMEND, OR VACATE JUDGMENT**<br><br>Re: Dkt. No. 78 |

On February 25, 2022, the Court granted the United States's motion for summary judgment and entered judgment accordingly. Dkt. Nos. 76, 77. Mr. Hadsell now moves pursuant to Rule 59(e) to alter, amend, or vacate the judgment. Dkt. No. 78. The United States opposes the motion. Dkt. No. 79. Mr. Hadsell filed a reply. Dkt. No. 80. The matter was deemed suitable for determination without oral argument. Dkt. No. 81; Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court denies Mr. Hadsell's motion to alter, amend, or vacate the judgment.

The Court may alter or amend a judgment under Rule 59(e) upon a showing of one of four grounds: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A district court has "considerable discretion" in deciding a Rule 59(e) motion. *Id.*. Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

1  resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations and
2  citation omitted). Indeed, a Rule 59(e) motion "'should not be granted, absent highly unusual
3  circumstances[.]'" *Id.* (quoting *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th
4  Cir. 2000). Moreover, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise
5  arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon
6  Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations and citation omitted).
7  *See also Kona Enterps., Inc.*, 229 F.3d at 890 ("A Rule 59(e) motion may *not* be used to raise
8  arguments or present evidence for the first time when they could reasonably have been raised
9  earlier in the litigation.").

10  Mr. Hadsell does not allege the discovery of new evidence or an intervening change in the
11  controlling law. Instead, he argues that the Court's February 25, 2022 summary judgment order is
12  based on "clear errors resulting in a judgment that is manifestly unjust." Dkt. No. 78 at 1, 7.
13  Specifically, he contends that the Court erred when it (1) "ruled determination/assessment is
14  outside immunity waiver"; (2) "ruled IRS' 26 U.S.C. §6402(c) actions are outside immunity
15  waiver"; (3) "ruled §6402(g) bars review of refund offsets not 'authorized by' §6402(c)";
16  (4) "ruled there is difference that matters between immunity waivers for the circumstances
17  between an FTCA claim and a §7433 claim"; (5) "implied that 'Offsets Timing' may not be at
18  issue"; and (6) "ruled that Hadsell's tax payments were not paid pursuant to tax filings and notices
19  and demands." Dkt. No. 78 at 7 (footnote omitted).

20  In its February 25, 2022 summary judgment order, as well as the prior order denying Mr.
21  Hadsell's summary judgment motion, the Court discussed in detail the statutory framework at
22  issue and its application in this case. Dkt. No. 56 at 4-12; Dkt. No. 76 at 4-10. Mr. Hadsell's
23  present Rule 59(e) motion does not provide a basis to alter or amend the Court's decisions, or to
24  vacate the Court's judgment. Most of Mr. Hadsell's arguments amount to disagreements with the
25  Court's rulings, and either were or could have been presented in his opposition to the United
26  States's motion for summary judgment or in support of his affirmative motion for summary
27  judgment. *See* Dkt. No. 78 at 8-19; *see also* Dkt. Nos. 41, 44, 51, 57. While Mr. Hadsell may
28  disagree with the Court's reasoning, that is not a proper ground for relief under Rule 59(e). *See*

*Bey v. Malec*, No. 18-cv-02626-SI, 2020 WL 3058336, at *2 (N.D. Cal. June 9, 2020), *aff'd sub nom. Bey v. Cristiani*, 857 F. App'x 283 (9th Cir. 2021) ("While courts within the Ninth Circuit have not strictly defined what constitutes clear error for Rule 59(e) motions, courts have generally found that mere doubts or disagreement about the wisdom of a prior decision of . . . [the] court will not suffice.") (internal quotations and citation omitted).  Additionally, Mr. Hadsell's arguments based on the First Amendment of the U.S. Constitution (Dkt. No. 78 at 13:14-23) do not provide a legal basis for altering or amending the judgment under Rule 59(e), as he has not asserted such a claim.  *Baker*, 554 U.S. at 485 n.5; *Kona Enterps., Inc.*, 229 F.3d at 890.

Mr. Hadsell also complains of other matters, which are immaterial to the Court's conclusion that it lacks jurisdiction over Mr. Hadsell's claim under 26 U.S.C. § 7433.  He notes that the February 25, 2022 summary judgment order (Dkt. No. 76 at 3:11) says that a portion of an overpayment was refunded to him, whereas Mr. Hadsell claims that he never received a refund of any kind.  Dkt. No. 78 at 8.  He also points out that a portion of Exhibit A to the Declaration of Ashleigh Edmonds (Dkt. No. 55-2) bears a date of November 3, 2021, and could not have been produced in discovery as stated in the February 25 order (Dkt. No. 76 at 6 n.1).  Dkt. No. 78 at 15. Mr. Hadsell did not previously raise an issue about the production of the November 3, 2021 portion of Exhibit A to the Edmonds Declaration (*see* Dkt. No. 57 at 6-7).  The Edmonds Declaration cites that portion of Exhibit A to support an assertion about the purported amount of Mr. Hadsell's past-due child support payments as of November 3, 2021.  The Court did not cite or rely on Exhibit A to the Edmonds Declaration for that purpose.  Neither of these claimed errors is consequential to the ultimate disposition and judgment entered in this case.

Accordingly, Mr. Hadsell's Rule 59(e) motion to alter, amend, or vacate the Court's judgment is denied.

**IT IS SO ORDERED.**

Dated: May 16, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3